**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHATARA ADAMS, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| COOK COUNTY SHERIFF'S OFFICE, | ) | JURY DEMAND |
| COOK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, by their undersigned counsel, respectfully submit the following Complaint against Defendants Cook County Sheriff's Office and Cook County:

## INTRODUCTION

1.     Sexual harassment of female employees by male detainees at Cook County Jail has for many years been a serious problem to which the Cook County Sheriff's Office and the County have remained deliberately indifferent by tolerating a culture of silence and passivity that allows their female employees to be continually victimized. Defendants have made an already-difficult job into a nightmare for these dedicated public servants, who attempt to provide necessary healthcare, security, and other services under horrific conditions in which detainees are allowed to commit egregious acts of harassment, assault, and battery against them as if there was no real consequence. Plaintiffs bring this action under 42 U.S.C. § 1983 and the Illinois Civil Rights Act to seek damages for the injuries they have suffered as a result of Defendants' widespread tolerance of these attacks.

**PARTIES**

2.      Plaintiffs are women who have been subjected to severe and pervasive sexual harassment by detainees while employed by Defendants.

3.      Defendant Cook County Sheriff's Office (CCSO), otherwise known as Cook County Sheriff Thomas J. Dart in his official capacity, is a unit of local government charged with responsibility and authority for the operation of Cook County Jail through the Cook County Department of Corrections (CCDOC).

4.      CCSO also has responsibility and authority for operating the Court Services Department, which is the unit of the Cook County Sheriff's Office that is responsible for securing detainees and providing security at all County court facilities, including the George Leighton Criminal Courthouse.

5.      Defendant Cook County is a body politic and corporation organized under the Illinois County Code, 55 ILCS 5/1-1001, *et seq.* Cook County owns the Cook County Jail, and provides health care to detainees at Cook County Jail through Cermak Health Services of Cook County.

6.      At all times relevant to this Complaint, the County and the CCSO have been, or were, an employer or joint employer of all Plaintiffs.

**JURISDICTION & VENUE**

7.      The Court has jurisdiction over this case under 28 U.S.C. §§ 1331, 1343, 1367 and 42 U.S.C. § 1983.

8.      Venue is proper, because the events and omissions giving rise to Plaintiffs' claims occurred within this judicial district and the parties are residents of this judicial district.

**COOK COUNTY JAIL**

9.      At all relevant times, Cook County Jail included multiple divisions for detainee housing. Division 8 includes Cermak Health Services where detainees receive health care and the Residential Treatment Unit (RTU) for detainees receiving mental health services.

10.      Sheriff Dart staffs these divisions with correctional officers under the supervision of a command staff that includes sergeants, lieutenants, commanders, and superintendents.

11.      The County employs various medical personnel and supervisors to provide health care to detainees at Cermak and RTU and throughout the rest of the Cook County Jail. Sheriff Dart's deputy sheriffs are assigned to provide security and escort medical personnel making rounds or passing medications on living units.

12.      Detainees with court appearances at the Leighton Criminal Courthouse are taken through the Receiving Classification and Diagnostic Center (RCDC) and through a series of tunnels connecting the Jail to the Courthouse.

13.      While moving through these tunnels and inside the Courthouse, detainees remain in the custody of members of Sheriff Dart's Court Services Department.

14.      Detainees likewise remain in the custody of the CCSO while detained, during court appearances, and while transported to and from suburban courthouses such as the Markham courthouse.

**DEFENDANTS' TOLERANCE OF SEXUAL HARASSMENT**

15.      Defendants' female employees, including the Plaintiffs herein, have been subjected to a work environment in which male detainees are able to openly engage in horrifying acts of sexual harassment against female employees on a daily basis, such as deliberately exposing their

3

genitals to, masturbating at, groping and battering, threatening to rape and sexually assault, and making lewd gestures and vile sexual remarks to female employees.

16.     Throughout their employment, Plaintiffs have lived in fear of going to work in an environment where they and their female colleagues are allowed to be repeatedly and needlessly victimized by offenders that Defendants simply refuse to deal with appropriately. Their suffering has been made exponentially worse as a result of the direct attacks and harassment they have experienced, as further summarized below.

17.     While Sheriff Dart and the County have made some efforts to address the problem, such as Sheriff Dart putting certain detainees in green jumpsuits, Defendants know that these measures have not corrected the hostile work environment and the attacks continue daily.

18.     The jumpsuits, for example, do not actually stop detainees from exposing themselves or masturbating and have proven ineffectual, including because:

> a.      Detainees are not required to wear these jumpsuits or wear them properly. Detainees who are supposed to be in green jumpsuits frequently walk around with the jumpsuit open and with easy and unfettered access to their genitals;
>
> b.      Detainees have kept a second set of khaki CCDOC uniforms that they will switch into at various times;
>
> c.      Detainees are not necessarily issued green jumpsuits even though they have exposed themselves and masturbated while in the custody of CCDOC. Even though this behavior is routinely committed in the receiving and intake process, offending detainees are merely separated and processed separately. No effort is taken to record and identify such behavior so that the detainee can be treated as a sexually deviant offender and issued a green jumpsuit.
>
> d.      The failure to report and initiate corrective action is so high that it is likely that the offending detainee will commit several infractions before a green jumpsuit is even issued. As such, green jumpsuits were not issued to all offenders who engaged in this behavior and some offenders were allowed to remain in brown khaki uniforms despite engaging in this behavior.

e.      There are no consequences for the detainees that do not properly wear a green jumpsuit as a number of correctional officers and supervisors will not write these detainees up or take any corrective action. Instead, certain correctional officers and supervisors will just encourage or cajole female employees to treat the non-compliant detainee as if he were properly attired in a green jumpsuit.

f.      Non-Compliant detainees are not handcuffed or not properly handcuffed in the rear while being transported, allowing them to expose themselves and masturbate to unsuspecting individuals during transportation and when outside of their tier.

g.      Detainees would commit misconduct in order to get a green jumpsuit in order to avail themselves of rewards such as pizza parties and access to microwaves that were given to such detainees. These green jumpsuits were prized by some detainees and became a status symbol.

19.     Overall, Defendants continue to fail to take the necessary measures to address the rampant egregious sexual harassment suffered by their female employees on a daily basis.

20.     Defendants often do not separate repeat offenders from female employees and require female employees to work alongside the repeat offenders that continue to victimize them.

21.     CCSO regularly assigns an inadequate number of correctional officers to secure detainees, sometimes leaving a single officer to secure far more detainees than he or she possibly can, including multiple tiers at a time. This has led to a "go along-get along," "look the other way" policy that encourages detainees to take advantage and victimize female employees without consequence.

22.     Defendants do not adequately train their employees and supervisors on how to respond to the attacks.

23.     Defendants allow their supervisors to turn a blind eye to and/or to discourage their employees from reporting and/or pursuing discipline for the attacks.

24.     Many of the attacks occur in plain view of supervisors and correctional officers, yet sometimes these incidents are not even documented, much less addressed through discipline, because Defendants' policy is to ignore and avoid complaints about these incidents as much as possible.

25.     CCSO supervisors routinely refuse or choose not to write up detainees and chose instead to give them ineffective verbal warnings or simply laugh their behavior off. Indeed, CCSO has repeatedly told its female employees that detainees who engage in exposure and masturbation attacks from inside their cells cannot be disciplined, because this is their personal space.

26.     In instances where discipline is pursued, it often constitutes lip service more than anything else, as the CCSO discourages female employees from pursuing criminal charges, little to no effective discipline is issued, and offending detainees are quickly allowed back into a tier with female employees that they continue to harass.

27.     CCSO supervisors and investigators have talked victims out of pressing charges by pointing out that criminal charges would not be effective, would probably be thrown out in court or result in a minimal sentence, and/or that the offender was already facing a serious period of incarceration on other charges. Female employees have also been told that if criminal charges were pressed the detainee would be given the vicitm's name and personal information.

28.     Defendants *de facto* policy is that the egregious sexual harassment experienced by female employees is "what they signed up for" and "part of the job." Those who choose to complain about their work environment are mocked for making reports, and unjustly questioned and doubted.

29.    The union representing correctional officers, Teamsters Local 700, previously lodged a class grievance against the Cook County Sheriff's Office, because supervisory staff threatened to write up officers who disciplined detainees for masturbating.

30.    For some time, CCSO even offered offending detainees pizza parties and other incentives if they stopped their attacks for a certain period of time, which actually incented detainees to engage in sexual misconduct.

31.    This long-running problem was the subject of at least 561 individual claims by employees of CCSO and the County in *Howard, et al. v. Cook County Sheriff's Office, et al.*, 17-cv-8146 (consolidated with *Wilson v. Cook County Sheriff's Department, et al.*, 17-cv-8248)[1], and

---

[1] *Howard* was filed on November 10, 2017 as a class action on behalf of all female correctional officers, sergeants, and lieutenants who have worked at Cook County Jail since April 22, 2015. The putative class was amended on November 12, 2017 to include all female correctional officers, sergeants, lieutenants, medical personnel, correctional rehabilitation workers, and law librarians who have worked at Cook County Jail since April 22, 2015, and on January 31, 2018 to include all women who have been employed by the CCSO at Cook County Jail or by the County in positions with Cermak Health Services at any time since April 23, 2015 except for women who during that period have held the following positions: CCDOC executive director, deputy director, assistant deputy director, chief financial officer, chief operating officer, chief of staff, chief, deputy chief, bureau chief, deputy bureau chief, general counsel, assistant general counsel, deputy assistant general counsel, legal division employee, eeo investigator, compliance officer, correctional commander, county police officer, hearing officer, inmate discipline director, inmate services supervisor, superintendent; Cermak Health Services director, assistant director, deputy assistant director, chief, deputy chief, division chief, chief operating officer – correctional health services, chairman, manager, staffing coordinator.

On November 14, 2017, the *Wilson* plaintiffs filed a class action on behalf of all current or former sheriff deputies employed by CCSO since November 2015 who have worked as deputies for CCDOC or the Court Services Department, and those individuals who were subject to sexual harassment prior to such date. On January 22, 2018, the Wilson plaintiffs filed an amended complaint of the same putative class.

The *Howard* and *Wilson* actions were consolidated under case number 17-cv-8146 and, on March 12, 2018, a first consolidated complaint was filed in the consolidated action on behalf of all women who have been employed by CCSO at Cook County Jail, or as court services deputies at the Leighton courthouse, or by the County in positions with Cermak Health Services, at any time since April 23, 2015, except women who, during that time period, have held the following positions: CCDOC executive director, deputy director, assistant deputy director, chief financial officer, chief operating officer, chief of staff, chief, deputy chief, bureau chief, deputy bureau chief, general counsel, assistant general counsel, deputy assistant general counsel, legal division employee, eeo investigator, compliance officer, correctional commander, county police officer, hearing officer, inmate discipline director, inmate services supervisor, superintendent; Cermak Health Services director, assistant director, deputy assistant director, chief, deputy chief, division chief, chief operating officer – correctional health services, chairman, manager. Amended consolidated complaints were filed on July 31 and November 14, 2018 on behalf of the same class.

On August 12, 2019, the district court certified a class of all women who have been employed by CCSO at Cook County Jail, or as court services deputies at the Leighton Courthouse, or by the County in positions with Cermak

a class action brought by Cook County public defendants against CCSO and the County in *Brown, et al. v. Cook County, et al.*, 17-cv-8085.

32.     As Judge Kennelly explained in denying Defendants' motion for summary judgment in *Howard*, there is evidence of "widespread apathy to detainee sexual misconduct by supervisory personnel and upper management Jail employees;" that "CCSO supervisors were at times openly hostile towards officers who disciplined detainees for masturbating," that "the policies and practices designed to address detainee sexual misconduct were woefully inadequate," and that "defendants knew about the problem and that their responses were ineffective and knowingly failed to correct the problem." (17-cv-8146, Dkt. # 467 at 33.)

---

Health Services, at any time since April 23, 2015, except women who, during that period, have held the above-referenced positions or who were employed in supervisory roles. On April 12, 2020, the district court granted the plaintiffs' motion to refine the class, and refined the class to include all women who have been employed by CCSO at Cook County Jail, or as court services deputies at the Leighton Courthouse, or by the County in positions with Cermak Health Services, at any time since April 23, 2015, except women who, during that period, have held the above-referenced positions, non-sworn civilian positions in the administration, inmate discipline, legal, or records-Div. 5 departments, or who were employed in supervisory roles.

On November 15, 2019, Wendy Shadbar sought leave to file a complaint in intervention on behalf of a class of all women who have been employed as supervisory employees by CCSO at Cook County Jail or at the Leighton Courthouse at any time since April 23, 2015, except women who, during that period, have held the following positions: executive director, deputy director, assistant deputy director, chief financial officer, chief operating officer, chief of staff, chief, deputy chief bureau chief, deputy bureau chief, general counsel, assistant general counsel, deputy assistant general counsel, legal division employee, eeo investigator, compliance officer, correctional commander, county police officer, hearing officer, inmate discipline director, inmate services supervisors, superintendent.

On March 4, 2021, the Seventh Circuit Court of Appeals reversed the district court's class certification order, but suggested it was still possible that some of the class members could band together to form a smaller class or classes. On April 23, 2021, Shadbar decided she no longer wished to proceed on behalf of the supervisor class; she and other intervenor supervisors filed an amended motion to intervene to assert their claims on an individual basis, which the district court granted on April 27, 2021.

On May 17, 2021, the plaintiffs sought leave to file a fourth amended consolidated complaint on behalf of the smaller classes suggested by the Seventh Circuit, which the district court granted. The plaintiffs brought claims on behalf of women who have worked after April 23, 2015 as employees of CCSO or CCH in a position not excepted from the previously refined class in Division 1, Division 2, Division 6, Division 8/9/10 (including RTU and Cermak), Division 11, RCDC, External Operations & Transportation, the Leighton Courthouse, or Central Kitchen. The plaintiffs also brought claims on behalf of all women who, as employees of CCSO or CCH in a position not excepted from the previously refined class, have been exposed to make detainees while traversing Cook County Jail. On August 20, 2021, the plaintiff notified the district court that they would not seek class certification on their fourth amended consolidated complaint and would pursue their claims on an individual basis.

33.     This evidence included more than 140 declarations attesting to the hostile work environment at Cook County Jail; numerous examples of Sheriff and County supervisors discouraging and/or ignoring reports regarding the misconduct and victims being told that that the harassment is part of the job or was their fault; testimony that Sheriff administrators ignored the problem and that County supervisors failed to implement appropriate reporting policies and did little to address the problem with the Sheriff's Office; and evidence regarding the Sheriff and the County's failure to provide training on the appropriate response to these incidents. (*See* 17-cv-8146, Dkt. # 433.)

34.     Sheriff Dart agreed to a preliminary injunction in *Howard*, which required Sheriff Dart to, among other things, issue a directive that no employee should be discouraged or prevented from filing incident reports of indecent exposure, exhibitionist masturbation, and other sexual misconduct. (17-cv-8146, Dkt. # 27.)

35.     The hostile work environment at Cook County Jail has likewise been the subject of multiple media reports.

36.     Yet, despite the *Howard* and *Brown* suits, the *Brown* injunction, and repeated media coverage, Defendants have allowed a culture of silence and passivity to continue to rule and their female employees to continue to suffer from an egregiously high number of attacks.

## DIRECT HARASSMENT OF PLAINTIFFS

37.     Plaintiff Chatara Adams has been employed by CCSO as a correctional officer / deputy sheriff for approximately 2 years. The harassment Ms. Adams has experienced has included multiple incidents of detainees masturbating in her presence while conducting security rounds in Divisions 5, 6, and 11, including at least as recently as February 2022 in Division 11, as well as an additional masturbation attack from a detainee in Cermak in November 2022.

38.     Plaintiff Monica Viviana Aguilar has been employed by CCSO as a correctional officer for approximately 13 years. The harassment Ms. Aguilar has experienced has included detainee masturbation attacks in Division 11 on February 20, September 28, and September 29, 2019. Ms. Aguilar was also the victim of a sexual assault by a detainee who grabbed her breast in Division 5 in December 2021.

39.     Plaintiff Carol Allen has been employed by CCSO as a correctional sergeant since February 2020 after previously serving as a CCSO correctional officer for approximately 14 years. Throughout her employment, Ms. Allen endured sexual harassment directed at her by detainees, including detainees masturbating in her presence in approximately March and September 2020, 2017, and 2011, and detainees exposing themselves to her in RCDC / receiving multiple times in 2018 and 2019.

40.     Plaintiff Jeanette Alexander has been employed by CCSO as a correctional officer for approximately 20 years. The harassment Ms. Alexander has experienced has included multiple incidents of detainees exposing themselves and/or masturbating in her presence and making sexually offensive comments such as "I know you want this dick" while Ms. Alexander was working in Cermak between at least 2018 and 2020.

41.     Plaintiff Tiffany Alexander has been employed by CCSO for approximately 9 years, serving as a correctional officer until October 2019 when she became a sergeant. Throughout her employment, Ms. Alexander has been subjected to multiple incidents of detainees exposing their genitals and/or masturbating in her presence, including as recently as approximately early 2023 when a detainee exposed his penis in her presence. Ms. Alexander has also been subjected to constant sexually offensive comments from detainees who "talk under her clothes" with comments such as "I'll fuck the shit out of you."

42.     Plaintiff Amneris Alvarado-Torres is employed by Chicago Public Schools as a teacher at Cook County Jail. While working in a classroom in Division 6 since at least November 2022, Ms. Alvarado-Torres has been subjected to harassment from detainees, including sexually offensive comments and an incident in December 2022 when a detainee approached from behind and began rubbing her on her back.

43.     Plaintiff Norma Amaya has been employed by Defendant Cook County as a nurse / CN-I for approximately 17 years. The harassment Ms. Amaya has experienced has included multiple incidents of detainees exposing themselves and/or masturbating in her presence in Cermak, including as recently as 2021. These incidents usually occurred while Ms. Amaya was passing out medication in the morning or when she would look up into a detainee's room. On one occasion, she looked up from the nurses' station only to see a detainee standing on his bed and masturbating at her.

44.     Plaintiff Tania Andrade has been employed as a Pharmacy Technician at CCDOC for approximately 7 years. From 2019 through 2022, Ms. Andrade was subjected to sexual harassment while working in Cermak and RTU. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, and grabbing themselves inappropriately. At times, this would occur non-stop when a correctional officer was not present in the area.

45.     Plaintiff Chibuzor Anyanwu was employed by Defendant Cook County as a registered nurse for approximately seven years until October 21, 2022 and was subjected to regular incidents of sexual harassment from detainees, including detainees routinely engaging in lewd behaviors and comments to her throughout her employment. In some cases, a correctional officer

would put the detainee back in the bullpen, but in others would urge Ms. Anyanwu to complete her screening of the detainee.

46.     Plaintiff Niquita Armfield has been employed as a Cook County correctional officer for approximately three years. Throughout her employment, the harassment Ms. Armfield has suffered has included regular incidents of detainees exposing themselves and/or masturbating in her presence in Division 9, Division 10, Division 11, RTU, and at Mt. Sinai, including multiple incidents in 2022. These incidents often involved detainees sticking their penises out of their chuckholes while Ms. Armfield was doing security checks.

47.     Plaintiff Ramonda Austin has been employed by Defendant Cook County as a registered nurse / CNI for approximately 22 years. The harassment Ms. Austin has suffered has included numerous masturbation attacks and other lewd comments and behavior from detainees while Ms. Austin was working in Division 6 and Cermak between at least 2016 and 2022. Detainees would masturbate at Ms. Austin during medication pass or would position themselves in their cells so that Ms. Austin could see them masturbating, and would often make lewd comments about Ms. Austin's breasts and buttocks.

48.     Plaintiff Deborah Awoyemi has been employed by Defendant Cook County as a nurse for approximately 22 years. While working in Cermak throughout her employment and continuing to the present, Ms. Awoyemi has been subjected to harassment that has included frequent incidents of detainees exposing their genitals to her and propositioning her, as well as multiple incidents of detainees masturbating in her presence and touching her inappropriately.

49.     Plaintiff Sherri Baker has been employed by Defendant Cook County for approximately 22 years and works as a patient care attendant at Cook County Jail. While working in Cermak and RTU, the harassment she has experienced has included multiple incidents of

detainees masturbating and/or exposing themselves in her presence, including at least as recently as 2022, as well as regular sexually offensive comments such as when a detainee threatened to jump inside Ms. Baker's work space and "fuck the shit out of" her.

50.     Plaintiff Velma Ball has been employed as a correctional rehabilitation worker by CCSO for approximately 16 years. While working in Divisions 8 and 10, Ms. Ball has been subjected to harassment that has included multiple incidents of detainees exposing themselves and/or masturbating in her presence, including at least as recently as May 2021.

51.     Plaintiff Velma Lee was employed as a CCDOC correctional officer for approximately 27 ½  years. While working in Division 9, Ms. Lee was repeatedly subjected to incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments.  This behavior occurred for years and Ms. Lee had to endure it over 20 times, including regularly during the period from 2018 through 2022.

52.     Plaintiff Sheri Ballentine was formerly employed as a correctional officer by CCSO for approximately 30 years. During her employment, Ms. Ballentine was subjected to harassment that included multiple incidents of detainees masturbating while making comments of a sexual nature to her like "come get this dick bitch," including at least as recently as May 2018 in Division 5.

53.     Plaintiff Jacquelyn Banks has been employed by Defendant Cook County as a mental health specialist at Cook County Jail for approximately 3 years. While working in receiving, Division 10, and Cermak over the last three years, Ms. Banks has been the victim of harassment that has included multiple masturbation attacks and sexually offensive comments from detainees, including detainees masturbating in her presence in January, March, and April 2020 and

September and November 2021. During the incident in November 2021, the detainee threatened to rape Ms. Banks.

54.     Plaintiff Susan Barajas has been employed by Defendant Cook County as a registered nurse at Cook County Jail for approximately 6 years. While working in RTU over the throughout her employment, Ms. Barajas has been subjected to harassment that has included multiple incidents of detainees exposing their genitals and/or masturbating in her presence, including most recently in approximately November 2022.

55.     Plaintiff Antoinette Barber has been employed by CCSO as a deputy sheriff for approximately 27 years. As recently as April of 2022, Ms. Barber experienced sexual harassment in Division 16 that included a detainee masturbating in her presence while staring at her.

56.     Plaintiff Lois Barnett was employed by CCSO as a correctional officer for approximately 30 years until her retirement on or about October 31, 2021. The harassment Ms. Barnett experienced included male detainees exposing themselves and/or masturbating in her presence on an approximately weekly basis while she worked in receiving until her retirement. Male detainees would call her "bitch" and call her over while they were exposing themselves and/or masturbating.

57.     Plaintiff Shantell Bates has been employed by CCSO as a deputy sheriff at Cook County Jail for approximately 18 years. The harassment Ms. Bates has experienced has included detainees exposing themselves and masturbating in her presence in Divisions 2, 5, and RTU, including at least as recently as December 13, 2022.

58.     Plaintiff Kimly Bell is employed as a deputy sheriff by CCSO. The harassment Ms. Bell has experienced has included an incident in Division 5 in June 2020 where a detainee asked Ms. Bell to bring her toilet paper and was standing and masturbating at Ms. Bell when she brought

14

him the toilet paper. In addition, in July 2020, Ms. Bell had to assist another deputy sheriff with 15-minute checks on a naked detainee who was masturbating all night.

59.     Plaintiff Debbie Bibbs has been employed as a deputy sheriff officer for 25 years. During her employment including in 2017 through 2019, and in 2023 when she was assigned to Courtrooms 104 and 106 in the Markham Courthouse, Ms. Bibbs was subjected to repeated sexual harassment. Ms. Bibbs was subjected to multiple incidents (5 to 6 a week) of detainees exposing themselves, masturbating and ejaculating in her presence while staring at her, groping themselves inappropriately, and making coarse sexual comments about the bodies of Ms. Bibbs and other nearby women.

60.     Plaintiff Anita Birton has been employed by Defendant Cook County as a dental hygienist for approximately 10 years. While working in Division 11 between 2019 and 2022, Ms. Birton was subjected to regular sexual harassment from detainees, including lewd exposure, masturbation, looking at her breast, and attempting to look between her legs.

61.     Plaintiff Lovey Bissett has been employed for approximately 11 years as a Cook County Correctional Officer. During the period from 2013 through 2022, Ms. Bissett has been repeatedly subjected to sexual harassment while working in Cermak, Division 11, Division 4, and The Tunnel. This sexual harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, and grabbing themselves inappropriately.

62.     Plaintiff Marquita Bouyer has been employed by Defendant Cook County as a correctional officer / deputy sheriff for approximately 15 years. While working in Division 1 and Cermak throughout her employment, Ms. Bouyer has been subjected to harassment that has included multiple incidents of detainees exposing themselves and/or masturbating in her presence, including at least as recently as late 2021 or early 2022.

63. Plaintiff Regina Bowers was formerly employed by CCSO as a social worker for approximately 30 years. Throughout her career, Ms. Bowers was subjected to harassment that included regular incidents of detainees masturbating at her in multiple Divisions of the Jail, and detainees exposing themselves in 2021 in the tunnel, Division 5, Division 9, and Division 10. On one occasion, a detainee was able to get into her office, pull her chair back, and put his hands on her.

64. Plaintiff Nicole Boyle is employed as a mental health specialist at Cook County Jail. While working in Division 10 from 2016 to 2018 and Division 9 from 2021 to 2022, Ms. Boyle was subjected to harassment that included multiple incidents of detainees masturbating in her presence.

65. Plaintiff Sandra Broughton is employed by Defendant Cook County as a CNI / registered nurse for approximately 6 years. While working in Cermak and RTU throughout her employment, she has been subjected to harassment that has included detainees exposing themselves and/or masturbating in her presence at least several times per month, including in the past few weeks. She has also been subjected to regular offensive remarks from detainees such as detainees threatening physical violence or calling her a "bitch."

66. Plaintiff Naomi Brown has been employed by CCSO as a deputy sheriff for over 16 years. Ms. Brown has worked in receiving at Cook County Jail for approximately 5 years. During that time, she has been subjected to harassment that has included multiple incidents of detainees exposing themselves in her presence and regular sexually offensive comments such as "I'll suck your pussy." Prior to receiving, Ms. Brown worked in Division 1 where she would be the victim of exposure or masturbation attacks from detainees on at least a monthly basis.

67.     Plaintiff Fontella Brown-Marshall is employed as an investigator within the CCSO Office of Professional Review (OPR). As an OPR investigator, Ms. Brown-Marshall was required to regularly visit detainees inside Cook County Jail between 2006 and 2022, and was subjected to harassment that has included numerous incidents of detainees exposing their genitals, masturbating in her presence, and/or making sexually offensive remarks to her, including an incident approximately a year ago in which a detainee beckoned her to come insider his cell while he was masturbating.

68.     Plaintiff Kaydiann Brown-Stuckey has been employed by Defendant Cook County as a nurse for over a year. While working in Division 9, 10, and RTU, Ms. Brown-Stuckey has been subjected to sexual harassment from detainees that has included at least two separate masturbation attacks in November 2021 and November 2022.

69.     Nakeea Buchanan-Smith has been employed by CCSO as a correctional officer for approximately 19 years. Ms. Buchanan-Smith has been working in Division 11 for about 5 months and been subjected to harassment that has included multiple incidents of detainees masturbating in her presence. Previously while working in Division 10 between approximately 2010 and 2019, Ms. Buchanan-Smith was also subjected to numerous incidents of detainees exposing themselves and/or masturbating in her presence.

70.     Plaintiff Jennifer Bush has been employed by CCSO as a deputy sheriff / correctional officer for approximately 26 years. Throughout her employment, Ms. Bush has been subjected to harassment that has included regular incidents of detainees exposing themselves and/or masturbating at her, including as recently as 2022. These incidents occurred in RCDC, intake, the bridge, while loading the Illinois Department of Corrections prisoner bus, and at the Bridgeview courthouse.

71.    Plaintiff Angela Butler-Wiley was employed as a CCSO correctional officer for approximately 21 years until October 2021. The harassment Ms. Butler-Willey experienced included at least two occasions in approximately April 2021 where a detainee masturbated at Ms. Butler-Wiley while she was making her rounds in Division 10. Although Ms. Butler-Wiley complained to a supervisor after the first incident that she did not want to work on the tier with the offending detainee, Ms. Butler-Wiley was placed on the same tier and victimized by the same detainee again.

72.    Plaintiff Angela Burnett has been employed for approximately 27 years as a Deputy by CCSO. From the period of 1998 through 2022, Ms. Burnett was subjected to sexual harassment while working in the lock-ups located at the Markham Courthouse. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence while calling out her name, grabbing themselves inappropriately, and making vile and sexually suggestive remarks. No corrective action was taken as Court Services did not have access to the CCOMS system for years.

73.    Plaintiff Marta Caceres has been employed as a correctional officer by CCSO for approximately 17 years. While working in Divisions 3/8, 4, and receiving (bridge, male holding, and intake) throughout her employment, including from 2016 to the present, Ms. Caceres has been subjected to harassment that has included detainees exposing their genitals and/or masturbating at her while making sexually offensive remarks on a regular basis. On numerous occasions while she was passing out razor blades, detainees have dropped their pants and told her to "come here and shave my balls."

74.    Plaintiff Shannon Cal has been employed as a correctional officer / deputy sheriff by CCSO for approximately 19 years. While working in Divisions 5, 6, and RCDC, Ms. Cal has

been subjected to harassment that has included detainees exposing their genitals and/or masturbating in her presence on a regular basis in May 2015, July to September 2017, August 2018, June to August 2020, January and March to May 2021, and May to October 2022.

75. Plaintiff Louise Calloway was formerly employed as a deputy sheriff by CCSO for approximately 33 years until her retirement on June 30, 2021. Ms. Calloway was subjected to harassment that included multiple incidents of detainees exposing themselves and/or masturbating in her presence in Division 6 between February and April 2021 and in the Leighton courthouse and the bridge in 2018 and 2019. Sometimes, the offending detainee would stay on the same tier as Ms. Calloway for several weeks.

76. Plaintiff Kelly Cappy was employed as a CCSO correctional officer for approximately 7 years. While working in Divisions 9, 10, and Cermak between 2015 and 2021, Ms. Cappy was subjected to harassment that included multiple incidents of inmates masturbating at her. On one occasion, an inmate ejaculated on a window in front of her.

77. Plaintiff Chantel Carter has been employed by CCSO as a correctional officer for approximately 4 years. While working in Divisions 2, 5, 6, and RTU throughout her employment, Ms. Carter has been subjected to harassment that has included multiple incidents of detainees masturbating in her presence and making sexually offensive comments to her.

78. Plaintiff Dominique Carter has been employed by Defendant Cook County as a patient care tech for approximately 7 years. While working in Cermak, Ms. Carter has been subjected to harassment that has included multiple incidents of detainees exposing themselves and/or masturbating in her presence, including at least as recently as August 2021.

79. Plaintiff Desiree Carter-Peterson is employed by as a HIV grant manager / counselor / tester at Cook County Jail. While working in Division 9 and in the tunnel used to get

detainees to the Leighton Courthouse, Ms. Careter-Peterson has been subjected to harassment that has included repeated incidents of inmates exposing themselves, including at least as recently as 2021.

80.     Plaintiff Kahilia Carter has been employed as a deputy sheriff by CCSO for approximately 17 years. While working in RCDC and Division 11, Ms. Carter has been the victim of harassment that has included multiple masturbation attacks, including at least as recently as December 2019.

81.     Plaintiff Vanessa Castillo has been employed as a correctional officer / deputy sheriff by CCSO for approximately 19 years. Between at least 2016 and 2022, Ms. Castillo was subjected to harassment that included detainees regularly exposing themselves and/or masturbating at her while making sexually offensive comments in Divisions 1, 6, RTU, and RCDC.

82.     Plaintiff Rochelle Cephus has been employed as a deputy sheriff by CCSO for approximately 30 years. Throughout her employment, Ms. Cephus has been subjected to harassment that has included multiple incidents of detainees masturbating in her presence, including most recently in approximately April and June 2021 in Division 6 and Division 6 Annex.

83.     Plaintiff Thyler Chatman has been employed by Defendant Cook County as a clerk in the ER basement and specialty clinics at Cook County Jail. Ms. Chatman has been subjected to harassment that has included multiple incidents of detainees exposing their genitals and/or masturbating in her presence between 2017 and 2022.

84.     Agnieszka Cieslak has been employed as a correctional officer by CCSO since January 2021. While working in RTU, Ms. Cieslak has been subjected to harassment that has

included a detainee exposing his genitals to her in April 2022 and a detainee masturbating in her presence in May 2022.

85.     Plaintiff Krista Clarke has been employed as a CCDOC correctional officer for over 12 years. While working in Division 9 from 2012 to 2022, Ms. Clarke was subjected to multiple incidents (approximately 20 since 2018) of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. This included one instance when Ms. Clarke was surrounded by a group of detainees who were all masturbating at her.  These comments and threats included graphic statements about what the detainees would do sexually to Ms. Clarke including finding her outside the jail upon release and raping her. Ms. Clarke was forced to endure repeated harassment from the same offending detainees.

86.     Plaintiff Angela Cochran has been employed as a CCDOC correctional officer for almost 16 years. During her employment, including while working during the period between 2008 to 2009 and between 2017 and 2020 when assigned to Receiving, Ms. Cochran was repeatedly subjected to sexual harassment. This included multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These comments included graphic descriptions of what the detainees planned to do to Ms. Cochran. Where Ms. Cochran worked, it was understood that seeing penises was normal and being sexually harassed by the detainees was part of the job.

87.     Plaintiff Pamela Collar is employed as a licensed practical nurse by Defendant Cook County. Ms. Collar has been subjected to harassment that has included at least 4 separate masturbation attacks from a detainee in RTU in approximately November 2022. The detainee would call out "hey nurse" and be masturbating when Ms. Collar looked at him. Despite his

previous attacks on Ms. Collar, this same detainee was allowed to continue victimizing Ms. Clark multiple times in the same month.

88.     Plaintiff Yolandes Collins was formerly employed as a correctional officer and court services deputy by CCSO. While working as a court services deputy at the Leighton Courthouse between approximately 2017 and her retirement in March 2020, Ms. Collins was subjected to sexual harassment that included multiple incidents of detainees exposing themselves and/or masturbating in her presence. Prior to serving as a court services deputy, Ms. Collins worked as a correctional officer in Division 6 where she experienced exposure and masturbation attacks on a routine basis.

89.     Plaintiff Deborah Collymore was employed by Defendant Cook County as a registered nurse until August 31, 2021. She was subjected to harassment that included detainees repeatedly exposing themselves to her in Division 10 and Cermak from 2016 through 2021, as well as an incident in 2013 in which an inmate tried to rub his penis on her hand while she was passing medication through the cell door.

90.     Plaintiff Alexandria Coutrakon has been employed by Defendant Cook County as a mental health specialist for approximately 5 years. Ms. Coutrakon has been subjected to harassment that has included at least two masturbation attacks in 2021, in which one of the detainees told her "I can't help it if I see a pretty woman" and "Fine, I'm gonna bite your nose," and the other told her "it's ok I already had sex with you in my head." Ms. Coutrakon has also been subjected to sexually offensive comments such as comments about aggressive intercourse.

91.     Plaintiff Cassandra Cox has been employed as a patient care attendant by Defendant Cook County for approximately 23 years. While working in Cermak and RTU, Ms. Cox has been subjected to harassment that has included multiple incidents of detainees exposing themselves

and/or masturbating in her presence, including at least as recently as September 2022 when a detainee was walking around with his penis exposed.

92.     Plaintiff Antonene Crittenden-Perry has been employed as a CCDOC Correctional Officer/Deputy Sheriff for approximately 28 years. During her employment Ms. Crittenden-Perry was repeatedly subjected to sexual harassment. This first occurred in the period of 2005 through 2016 when she was working in Division 11, and continued when she was in Receiving between 2017 and 2019. This harassment included multiple incidents – sometimes daily and sometimes 10 or so a month – of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These comments included graphic descriptions of what the detainees planned to do to Ms. Crittenden-Perry and her daughter.

93.     Plaintiff Evelyn Cruz has been employed by CCSO as a correctional sergeant since 2015 after serving as a CCSO correctional officer for approximately 10 years prior. While working in receiving at Cook County Jail for approximately the last five years and in RCDC for approximately the two years prior to that, Ms. Cruz was subjected to continuing incidents of detainees exposing themselves in her presence. Prior to becoming a sergeant, Ms. Cruz served as a correctional officer in Division 1 where she was subjected to detainees exposing themselves and/or masturbating in her presence on a practically daily basis.

94.     Plaintiff Chirl Dade was employed by CCSO as a correctional officer for approximately 13 ½ years. Ms. Dade was subjected to repeated harassment in Divisions 6, 9, and visiting cage through her retirement on December 31, 2020 that included detainees exposing themselves and masturbating in her presence on a regular basis.

95. Plaintiff Tiffany Davenport has been employed as a dental assistant at Cook County Jail for approximately 12 years. While working in Divisions 9 and 11, Ms. Davenport was subjected to harassment that included multiple incidents of detainees exposing themselves to and/or masturbating at her, including as recently as 2022.

96. Plaintiff Latoya Davis was employed as a social worker / correctional rehabilitation worker by CCSO between 2013 and 2018. Ms. Davis was subjected to harassment that included detainees exposing themselves and/or masturbating in her presence on a regular basis until she left employment with CCSO in July 2018.

97. Plaintiff Shawana Davis has been employed by Defendant Cook County as a patient care attendant (PCA) since August 2016. She has been subjected to harassment in Cermak, RTU, and Divisions 4 and 6 throughout her employment that has included detainees masturbating in her presence on a regular basis and a detainee grabbing her butt.

98. Plaintiff Vickie Davis has been employed as a deputy sheriff by CCSO for approximately 30 years. While working in receiving, male holding, and intake from at least 2018 through 2022, Ms. Davis was subjected to harassment that included detainees masturbating in her presence on a regular, and sometimes almost daily, basis.

99. Plaintiff Cynthia Dawson has been employed as a correctional officer by CCSO for approximately 11 years. Ms. Dawson has been subjected to harassment that has included multiple incidents of detainees exposing themselves and/or masturbating in her presence, including masturbation attacks in September and October 2022.

100. Plaintiff Wilhemina Derengowski has been employed as a deputy sheriff for approximately 18 years by CCSO. Ms. Derengowski has been subjected to harassment that has

included multiple incidents of detainees masturbating in her presence, including at least as recently as October 2020.

101.     Plaintiff Dainty Douglas has been employed by Defendant Cook County as a ward clerk in the emergency room and divisions of Cook County Jail. Throughout her employment, including from 2015 to 2021, Ms. Douglas has been subjected to harassment that has included multiple incidents of detainees exposing themselves and/or masturbating in her presence.

102.     Plaintiff Felicia Douglas has been employed as CCDOC correctional officer for approximately 27 years. From 2013 through 2022, Ms. Douglas was regularly subjected to sexual harassment while working in Division 6, External Operations and the MTHC. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments and communications. These comments and communications included threats of finding and raping Ms. Douglas upon release. Ms. Douglas was forced to remain with offending detainees and keep them under guard even though they were engaging in masturbatory behavior and refused to stop.

103.     Plaintiff Elizabeth Echols has been employed as a licensed practical nurse by Defendant Cook County. While working at Cermak / RTU over the past three years, Ms. Echols has been subjected to harassment that has included multiple incidents of detainees exposing themselves in her presence and making sexually offensive comments to her.

104.     Plaintiff Kachet Edwards has been employed as a deputy sheriff by CCSO for approximately 19 years. Ms. Edwards has been subjected to harassment that has included multiple incidents of detainees exposing themselves over the past four years in receiving, including when a detainee showed her his genitals a few weeks ago. Previously, while working in Division 6 from

approximately 2013 or 2014 to 2019, detainees would expose themselves in Ms. Edwards' presence on an approximately weekly basis.

105. Plaintiff Elizabeth Egbo has been employed as a registered nurse by Defendant Cook County for over 20 years. Throughout her employment, Ms. Egbo has been subjected to harassment that has included regular incidents of detainees exposing their genitals and making sexually offensive comments to her in Cermak / RTU, which have continued to the present. Ms. Egbo was also battered by a detainee in August 2022.

106. Plaintiff Leslie Ellis has been employed as a deputy sheriff by CCSO for approximately 23 years. The harassment Ms. Ellis has experienced has included detainees exposing themselves and/or masturbating in her presence in the basement of the Leighton Courthouse, including at least as recently as summer 2018.

107. Plaintiff Angela Ellis-Ferguson has been employed by Defendant Cook County as a nurse for approximately 18 years. While working in Division 2, Division 6, and Division 10, Ms. Ellis-Ferguson has been subjected to harassment that has included repeated incidents of detainees exposing themselves and/or masturbating in her presence, including at least as recently as early 2022.

108. Plaintiff Peace Emechebe has been employed as a registered nurse by Defendant Cook County for approximately 8 years. The harassment Ms. Emechebe has experienced has included multiple incidents of detainees exposing themselves and/or masturbating in her presence in Division 8 in approximately 2020 and 2021.

109. Plaintiff Jennifer Escobedo is a sheriff's police officer within CCSO. While working in RTU in 2021 and during her week of training as a probationary officer in Division 9, Ms. Escobedo was subjected to at least 23 incidents of detainees exposing their genitals and/or

masturbating in her presence, including 4 incidents in December 2021. Despite the fact that Ms. Escobedo had been repeatedly victimized, Ms. Escobedo's supervisors forced her under threat of discipline to work tiers with offending detainees by herself.

110.    Plaintiff LaTanya Fabarebo has been employed as a deputy sheriff for approximately 24 years. While working in Division 9 and in Receiving, Ms. Fabarebo was subjected to sexual harassment in the period from 2015 through 2019. This harassment included multiple incidents (over 25) of detainees exposing themselves, masturbating in her presence (sometimes in groups), grabbing themselves inappropriately, and making vile and sexual comments. These comments included graphic descriptions of what they would do to her sexually. Supervisors would balk at moving offending detainees, asking, "Where are we going to put them?"

111.    Plaintiff Len-Ya' Felton-Appleberry has been employed as a correctional officer by CCSO for approximately 28 years. The harassment Ms. Felton-Appleberry has experienced has included multiple incidents of detainees exposing themselves and/or masturbating in her presence in Divisions 2, 5, 6, and External Operations, including as recently as 2022.

112.    Plaintiff Shalonda Felton-Montague has been employed as a correctional officer by CCSO for approximately 17 years. The harassment Ms. Felton-Montague has experienced has included detainees masturbating in her presence in Division 11 in May and October 2022.

113.    Plaintiff Tabatha Fleming has been employed as a CCDOC for approximately 20 years. While working in Receiving and in External Operations, Ms. Fleming was subjected to sexual harassment in the period between 2018 and 2022. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, and grabbing themselves inappropriately.  In certain instances, Ms. Fleming was forced to remain in close proximity with offending detainees while the detainees continued to masturbate. Supervisors would not want to

be involved, would ignore reports, and would not respond to calls. Supervisors told Ms. Fleming that nothing could be done unless the detainee touched her.

114.    Plaintiff Toni Fossett-Turner has been employed as a deputy sheriff / correctional officer by CCSO for approximately 17 years. Throughout her employment, Ms. Fosset Turner has been subjected to harassment that has included detainees masturbating in her presence in Divisions 4, 5, 6, RTU, and receiving, including an incident at least as recently as October 2022 in receiving in which Ms. Fosset-Turner turned around to find a detainee masturbating at her.

115.    Plaintiff Michelle Fourte has been employed by CCSO as a deputy sheriff for approximately 19 years. The harassment Ms. Fourte has experienced has included detainees exposing themselves and/or masturbating in her presence practically every day that she was assigned to a tier in Division 9 in April and May 2020.

116.    Plaintiff Jacqueline France has been employed as a dental assistant at Cook County Jail. The harassment Ms. France has experienced has included an incident in Division 11 in June 2022 in which a detainee asked her a question and was masturbating when Ms. France turned around to look at him.

117.    Plaintiff Gracie Garner was formerly employed as a correctional officer by CCSO for approximately 26 years. Ms. Garner was subjected to harassment that included multiple incidents of detainees exposing their genitals and/or masturbating in her presence in Division 10 and Division 2 in 2020 and 2021, in laundry between 2018 and 2020, in Division 11 between 2015 and 2018, and in Division 6 and Division 1 previously. While Ms. Garner was working in Division 11, these incidents occurred on a weekly basis.

118.    Plaintiff Lisa Garth has been employed as a patient care attendant by Defendant Cook County for approximately 15 years. While working in Cermak, Ms. Garth has been subjected

to harassment that has included multiple incidents of detainees masturbating in her presence, including at least as recently as October 2022.

119.    Plaintiff Anika Gary has been employed as a mental health specialist by Defendant Cook County. While working in Cermak since 2017, Ms. Gary has been subjected to harassment that has included multiple incidents of detainees masturbating in her presence, including at least as recently as September 2022.

120.    Plaintiff Muriel Gauthier has been employed by CCSO for approximately 21 years and serves as a law librarian. The harassment Ms. Gauthier has experienced has included multiple incidents of detainees masturbating in her presence, including multiple incidents in 2022. These incidents have occurred in the law library, on living units, inside cells, and in the tunnel.

121.    Plaintiff Ewelina Gondek is currently employed by CCSO as a sheriff's police officer, and was previously employed by CCSO as a correctional officer. The harassment Ms. Gondek has experienced has included repeated incidents of detainees exposing their genitals to her in RTU, RTUT, Division 9, Division 9 SMT, and Zoom Courts / Receiving between approximately August 2019 and April 2022.

122.    Plaintiff Yvonne Gray has been employed as a correctional officer by CCSO for approximately 12 years. While working in Division 2, Division 4, Division 8, Division 10, and RTU, Ms. Gray has been subjected to harassment that has included multiple incidents of detainees exposing their genitals and/or masturbating in her presence from 2016 to at least 2021. While a supervisor told Ms. Gray to try to avoid the offending detainees, this was difficult for her to do.

123.    Plaintiff Rosalyn Greene was employed as a CCDOC correctional officer for 30 years. During her employment including in 2017 and 2018 when she worked in the lock-up of the Markham Courthouse, Ms. Greene was subjected to repeated sexual harassment. Ms. Greene was

subjected to multiple incidents of detainees exposing themselves, masturbating in her presence while staring at her, and groping themselves inappropriately often when laughing or moaning. Ms. Greene's supervisor chuckled when these incidents were reported, stating that this is what she signed up for and she had to deal with this as part of her job.

124. Plaintiff Keyera Gross has been employed as a registered nurse by Defendant Cook County for over a year. Since beginning employment at Cook County Jail in 2021, Ms. Gross has been subjected to harassment that has included detainees exposing their genitals and/or masturbating in her presence as a matter of routine in Divisions 5, 9, 10, Cermak, and RTU.

125. Plaintiff Annette Hannah has been employed by Defendant Cook County as a registered nurse for approximately 25 years. From 2016 to the present, Ms. Hannah has been subjected to harassment that has included at least 110 incidents of detainees exposing their genitals and/or masturbating in her presence and/or making disturbing sexual threats against her, including an incident where a detainee smeared seamen on her hand, another where a detainee grabbing her butt, and another where a group of detainees masturbated at her and one ejaculated right in front of her.

126. Plaintiff Tansy Harper has been employed as a Cook County deputy sheriff and sergeant. From at least 2015 to 2022, Ms. Harper has been subjected to harassment that has included multiple incidents of detainees exposing themselves and/or masturbating in Ms. Harper's presence. On one occasion, a detainee ejaculated and stated "I'm fucking the shit out of you."

127. Plaintiff Katina Harris has been employed as a correctional officer by CCSO for approximately 23 years. The harassment Ms. Harris has experienced has included an incident in the central kitchen tunnel at Cook County Jail in 2019 where a detainee exposed his penis to Ms. Harris. While working in Division 1 from 2004 through 2009, Ms. Harris was also subjected to

detainees exposing themselves and/or masturbating in her presence on a daily basis, and, in 2011, a detainee masturbated in Ms. Harris' presence for 2 days in a row while Ms. Harris was at Mt. Sinai hospital.

128.    Plaintiff Latonya Harris has been employed as a mental health specialist by Defendant Cook County at Cook County Jail. From at least 2019 to 2022, Ms. Harris was subjected to harassment that included detainees exposing their genitals and/or masturbating in her presence in Division 9, Cermak, and RTU.

129.    Plaintiff Mary Harris has been employed by Defendant Cook County as a clerk in Cermak. She has been subjected to harassment that has included regular incidents of detainees exposing themselves and/or masturbating in her presence and using sexually offensive language such as calling women "bitches." Since moving from the basement of Cermak in approximately 2018, Ms. Harris has been subjected to such incidents on an approximately weekly basis. They happened even more frequently when she worked in the basement prior to 2018.

130.    Plaintiff Susie Harris-Richardson has been employed as a CCDOC correctional rehabilitation worker for over 31 years. In 2011 to 2012, 2018, and 2022, Ms. Harris-Richardson was subjected to sexual harassment. This harassment occurred when Ms. Harris-Richardson was working in Division 8, Division 9, and Division 10. This harassment included  a detainee grabbing her buttocks, multiple incidents of detainees exposing their genitals, masturbating in her presence and through a chuckhole, and grabbing themselves inappropriately.

131.    Plaintiff Loren Havrilla has been employed by Defendant Cook County as a mental health specialist since September 2020. Since beginning employment at Cook County Jail in September 2020, Ms. Havrilla has been subjected to harassment that has included regular incidents of detainees masturbating in her presence, including at least as recently as November 2022.

132.    Patricia Haynes-Spells has been employed by Defendant Cook County as a patient care attendant at Cook County Jail. While working in RTU from 2014 to the present, Ms. Haynes-Spells has been subjected to regular incidents of sexual harassment, including detainees placing their hands in their pants in her presence on a weekly basis, exposing their genitals and/or masturbating in her presence, and offensive comments from detainees such as "I want to eat your pussy." Many of these incidents have occurred while only one correctional officer was working the tier or one correctional officer was watching multiple tiers.

133.    Plaintiff Laura Hernandez has been employed as a deputy sheriff by CCSO for approximately 16 years. The harassment Ms. Hernandez has experienced has included at least two incidents of detainees masturbating in her presence in Division 4 in approximately November / December 2017.

134.    Plaintiff Adrienne Hill was formerly employed as a deputy Sheriff by CCSO. Ms. Hill was subjected to sexual harassment during her employment that included a detainee masturbating in her presence in Division 4 in 2017 and a detainee exposing himself in her presence while she was assigned to External Operations in 2020.

135.    Plaintiff Yalonda Hill was formerly employed as deputy sheriff by CCSO for approximately 30 years. Throughout her employment through November 2020, Ms. Hill was subjected to regular incidents of sexual harassment, including detainees exposing their genitals to her, urinating at her, placing their hands on their genitals in her presence, and making sexually offensive comments to her in Division 1, Division 2, Division 5, Division 6, RCDC, and External Operations.

136.    Plaintiff Tontalheaha Hill-Atkins was formerly employed by CCSO as a correctional officer for approximately 30 years. The harassment Ms. Hill-Atkins experienced

included an incident in approximately the end of 2021 when a detainee in receiving pushed a button to get Ms. Hill-Atkins' attention and she saw multiple detainees exposing their penises to her through a camera.

137. Plaintiff Angela Hill-Hasley has been employed by CCSO as a deputy sheriff for approximately 19 years. While working in Division 11, Ms. Hill-Hasley was the victim of harassment that included detainees masturbating at her on at least three occasions, including in early 2022.

138. Plaintiff Doris Holiday has been employed by Defendant Cook County as a registered nurse for approximately 3 years. Ms. Holiday has been regularly victimized by masturbation attacks since beginning employment at Cook County Jail approximately 3 years ago. These incidents have occurred in Cermak, RTU, and Divisions 9 and 10, and include an incident in March 2022 when a detainee wiped his ejaculate on Ms. Holiday while she was handing him his medication.

139. Plaintiff Kimberly Holston has been employed as a deputy sheriff by CCSO for approximately 29 years. Between at least 2016 and 2021, Ms. Holston was subjected to harassment that included regular incidents of detainee exposing their genitals and/or masturbating in her presence in Cermak.

140. Plaintiff Devan Hunter has been employed as a deputy sheriff for approximately 16 years. During the period of 2016 through 2022, Ms. Hunter was subjected to sexual harassment in a number of different locations throughout the jail complex, including Div. 9, Division 10, Cermak/Div. 8, the bullpen, and Division 11. This included multiple incidents of detainees exposing themselves, masturbating in her presence, and grabbing themselves inappropriately. This sexual misconduct on the tiers was facilitated by the fact that there were no padlocks on the

chuckholes – allowing detainees to expose their genitals and masturbate even when they were standing in their cell.

141.    Plaintiff Eucharia Iloegbunam has been employed by Defendant Cook County as a registered nurse for approximately 7 years. While working in Division 8 from 2016 to at least as recently as 2020, Ms. Iloegbunam has been subjected to harassment that has included multiple incidents of detainees exposing their genitals and/or masturbating in her presence and making sexually offensive remarks to her.

142.    Plaintiff Umeadi Imanlihen-Iyare has been employed as a registered nurse by Defendant Cook County for approximately 8 years. While working in RTU since at least 2019, Ms. Imanlihen has been subjected to harassment that has included multiple incidents of detainees exposing their genitals in her presence and making threats of violence and sexually offensive comments to her such as "pink pussy, smelling pussy," including an incident in December 2022 where a detainee exposed his penis to Ms. Imanlihen while she was passing out medication.

143.    Plaintiff Zulettan Ivory-Gilbert has been employed as a correctional officer by CCSO for approximately 25 years. The harassment Ms. Ivory-Gilbert has experienced includes an incident on July 28, 2021 when Ms. Ivory-Gilbert was assigned to Mt. Sinai Hospital to guard a detainee with a long history of victimizing women with masturbation attacks. Although the detainee was given a green jumpsuit and a pink ID, this did not prevent him from masturbating in Ms. Ivory-Gilbert's presence that day. Previously, Ms. Ivory-Gilbert was subjected to numerous incidents of detainees exposing their genitals and/or masturbating in her presence in Divisions 4 and 7 between 2009 and 2012 and in Divisions 3 and 8 between 1997 and 2000.

144.    Plaintiff Helen Iwuchukwu has been employed by Defendant Cook County as a registered nurse for approximately 16 years. Ms. Iwuchukwu has been subjected to harassment

that has included detainees exposing their genitals and/or masturbating in her presence and/or propositioning her for sex on an almost daily basis for at least the last year approximately while she has worked in RTU, Division 3 Annex, Division 9, and Division 5.

145. Plaintiff Jacqueline Jack has been employed by Defendant Cook County as a licensed practical nurse. While working in Division 11 since approximately 2016 or 2017, Ms. Jack has been subjected to harassment that includes regular incidents of detainees exposing themselves and/or masturbating in her presence, and/or using sexually offensive gestures or language such as smacking their lips while saying "I will lick your pussy" and telling her "suck my dick." Approximately 6 months ago, she witnessed a detainee sexually assault a nurse by smacking her buttocks.

146. Plaintiff Debra Jackson was employed as an administrative assistant for approximately 13 years at the CCDOC. Ms. Jackson was subjected to sexual harassment while working at the jail complex in the Superintendent's Office in Division 2, Division 4, and Division 6. Ms. Jackson was subjected to sexual harassment in the period from 2016 through 2019. This harassment included incidents of detainees exposing themselves, masturbating in her presence (including ejaculating right in front of her), grabbing themselves inappropriately, and making inappropriate sexual comments.

147. Plaintiff Patricia Jackson has been employed as an administrative assistant in the records department of CCSO for approximately 13 years. Since approximately October 2014 and continuing to the present, Ms. Jackson has been subjected to detainees exposing their genitals to her every few months as she walks to her office. Previously, Ms. Jackson was subjected to multiple incidents of detainees exposing their genitals and/or masturbating in her presence while working on the bridge between approximately January to October 2014.

148.    Plaintiff Sunny Jackson is a correctional medical technician at Cook County Jail. The harassment Ms. Jackson has experienced includes multiple incidents of detainees masturbating in her presence in Division 9 since December 2022. Previously while working in Division 11 and Division 9, Ms. Jackson was subjected to at least two additional incidents of detainees masturbating in her presence, which occurred in 2018 or 2019. There were also multiple occasions while Ms. Jackson was working laundry that she believed detainees were masturbating in her presence but could not bring herself to look at the detainees. In addition, while in Division 11 in November 2022, Ms. Jackson was groped by a detainee who placed his hand on her butt.

149.    Plaintiff Shiny James is a registered nurse at Cook County Jail. While working in Division 8 in 2021 and 2022, Ms. James was subjected to at least three incidents of detainees exposing their genitals and/or masturbating in her presence.

150.    Plaintiff Soumya James has been employed by Defendant Cook County as a registered nurse for approximately 5 years. While working in Divisions 9 and 10, Ms. James has been subjected to harassment that includes at least three incidents of detainees exposing their genitals and masturbating in her presence in July 2017, May 2021, and June 2022.

151.    Plaintiff Tieachsa James has been employed as a registered nurse for approximately 3 years at the CCDOC. While working in Division 8, Ms. James was subjected to sexual harassment in 2021 and 2022. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately, and making vile, and sexual comments. These inappropriate comments included graphic descriptions of Ms. James' body and what they would do to her sexually. The same individuals were committing this behavior over and over again.

36

152.    Plaintiff Maribel Jimenez has been employed by Defendant Cook County as a certified medical assistant for approximately 2 years. The harassment Ms. Jimenez has experienced includes at least three incidents of detainees exposing their genitals and/or masturbating in her presence, which occurred in Division 9 and Division 5 in March 2022 and December 2021.

153.    Plaintiff Rachel John has been employed as a nurse for approximately 25 years at the CCDOC. While working in Division 6, Ms. John has been repeatedly subjected to sexual harassment, including during the period of 2018 through 2022. This harassment included multiple incidents (sometimes on a daily basis) of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately, and making inappropriate comments. There are too few correctional officers assigned to the tiers, thus allowing the detainees to commit such sexual misconduct with little fear of being identified or facing any repercussions. At worst, an offending detainee is merely taken and placed in his cell only to re-offend the next day.

154.    Plaintiff Angela Johnson has been employed as a CCDOC deputy sheriff for approximately 24 years. While working in Division 4, in Cermak, in Receiving and on the Bridge, and in the bull pen of the Criminal Courts Building between 2014 through 2022, Ms. Johnson was repeatedly subjected to sexual harassment. This sexual harassment included multiple (over 30) incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. This included a detainee who held his penis out and told Ms. Johnson that she would die with his dick in her mouth.

155.    Plaintiff Cheryl Johnson has been employed as a CCDOC correctional officer for over 17 years. While working during the period between 2007 and 2023, Ms. Johnson was subjected to sexual harassment. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, and grabbing themselves inappropriately. This

harassment occurred most recently in 2013 through 2017 when Ms. Johnson was assigned to receiving and during the period of 2018 through 2023 when Ms. Johnson was assigned to Cermak.

156.    Plaintiff Jennifer Johnson has been employed as a correctional officer by CCSO for approximately 13 years. While working in Divisions 6, 9, and 11 throughout her career, Ms. Johnson has been subjected to regular sexual harassment from detainees, including detainees exposing their genitals to her on a weekly basis until approximately October / November 2022, after which point she has also been the victim of additional exposure attacks.

157.    Plaintiff Karlonda Johnson has been employed as a correctional officer by CCSO for approximately 20 years. Since 2012 and continuing to the present, Ms. Johnson has been subjected to harassment that has included regular incidents of detainees exposing their genitals and/or masturbating in her presence, which have occurred in Division 1, receiving, the bridge, and the basement of the Leighton Courthouse.

158.    Plaintiff Benita Jones has been employed by Defendant Cook County as a registered nurse for approximately 4 years. While working in Cermak since 2019 and continuing to the present, Ms. Jones has been subjected to harassment that has included multiple incidents of detainees exposing their genitals and/or masturbating in her presence.

159.    Plaintiff Elaine Jones has been employed as a CCDOC correctional officer for approximately 27 1/2 years. Ms. Jones was repeatedly subjected sexual harassment from 2011 through 2022 while she was working in Cermak, Division 5, and Receiving. This harassment involved multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately, and making inappropriate sexual comments to Ms. Jones. These comments included constant requests for Jones to sexually gratify the detainees. Ms. Jones was forced to endure detainees who would refuse orders to stop masturbating because she was not

given proper support to deal with such non-compliant individuals. Ms. Jones asked for a partner for particularly difficult assignments, but was always forced to work alone.

160.    Plaintiff Latrisha Jones has been employed as a correctional officer by CCSO for approximately 19 years. Throughout her career, Ms. Jones has been subjected to harassment that has included regular incidents of detainees exposing their genitals and/or masturbating in her presence while she worked in Divisions 4, 6, external operations, RTU, and RTC, including at least as recently as 2020.

161.    Plaintiff Christina Joyner has been employed as a deputy sheriff by CCSO for approximately 25 years. Throughout her career, Ms. Joyner has been subjected to harassment that has included regular incidents of detainees exposing their genitals and/or masturbating in her presence in Division 3, Division 6, and receiving, including at least as recently as 2019 in receiving, as well as continuing sexually offensive comments such as "I'll fuck you."

162.    Plaintiff Helen Kanel has been employed by Defendant Cook County as a nurse for approximately 24 years. Throughout her employment, Ms. Kanel has been subjected to harassment that has included ongoing incidents of detainees masturbating in her presence in Cermak / Division 8. These incidents have included detainees standing on top of toilets and beds so that they would be in direct view of Ms. Kanel while they masturbated.

163.    Plaintiff Katie Kirkwood was employed as a CCDOC correctional officer for approximately 27 years. While assigned to Division 6 and Division 9,  including the period from 1996 through 2009, and in External Operations in 2018, Ms. Kirkwood was repeatedly subjected to sexual harassment.  This sexual harassment included multiple incidents of detainees exposing themselves, masturbating at her or in her presence, groping themselves inappropriately, and making vile, sexually suggestive, and threatening comments to her. When the offending detainees

from Division 9 where committing this behavior during their recreation time, Ms. Kirkwood would call Division 9 and ask that the offending detainees be brought inside so they would not continue to commit this behavior towards her and others. This was not done because it required a Director's approval.

164.     Plaintiff Kim Laster was employed as a CCDOC Deputy Sheriff for approximately 25 years. While working in Receiving, RCDC, the Tunnel, the Bullpens, and in RTU in 2018 and 2019, Ms. Laster was subjected to sexual harassment. This sexual harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These comments included those from detainees who were holding their penises in their hand and gesturing to "Open your mouth and suck this" and "Let me squirt on you" complete with sound effects. Ms. Laster had a detainee place his genitals in her hand and had feces and urine thrown at her.

165.     Plaintiff Chaunte Latham has been employed as a CCDOC correctional officer, Sergeant, and Lieutenant at CCDOC for approximately 17 years. During her employment, including in Receiving in 2015 and while working in Division 9 in 2022, Ms. Latham was subjected to sexual harassment. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence while staring at her, grabbing themselves inappropriately, and making vile, sexually suggestive comments. These comments included detainees saying that they wanted to bust all over her and that they would fuck her in the ass. During her time in Division 9, Lieutenant Latham was forced to do rounds on tiers where detainees were engaging in this behavior. Despite this open and obvious misconduct, these detainees would remain on the same tier. As a direct consequence, Ms. Latham was continually forced to do rounds and reencounter the offending, and now angry, detainees after they knew she had written them up,

tried to get them sent to another tier or the hole, and was unable to do so. This led to an increased amount of sexually aberrant behavior and exacerbated the sexual harassment that Ms. Latham was forced to endure.

166.    Plaintiff Patricia Lawrence has been employed as a deputy sheriff by CCSO for approximately 23 years. While working in Cermak from 2016 to 2018 and Division 6 from 2019 to 2020, Ms. Lawrence was subjected to harassment that included detainees exposing themselves and/or masturbating in her presence.

167.    Plaintiff Vinnette Lewis has been employed by Defendant Cook County as a nurse for approximately 21 years. While working in RTU 2, 3, 4, 5, Ms. Lewis has been subjected to harassment that has included detainees exposing their genitals in her presence on February 16, 2018, March 10, 2019, December 23, 2020, April 2, 2021, and November 12, 2022. A detainee also exposed himself to Ms. Lewis while she was working at Stroger Hospital on June 19, 2016.

168.    Plaintiff Josefa Lomeli has been employed as a CCDOC correctional officer for approximately 21 years. During her employment, including while working in Receiving during the period between 2018 to 2022, Ms. Lomeli was repeatedly subjected to sexual harassment. This harassment included multiple (approximately 5 times a year) and regular incidents of detainees exposing themselves, masturbating in her presence while staring at her, and grabbing themselves inappropriately.

169.    Plaintiff Dawn Luster has been employed as a deputy sheriff by CCSO for approximately 20 years. Since 2017 and continuing to the present, Ms. Luster has been subjected to harassment that has included detainees exposing their genitals, masturbating in her presence, and making sexually offensive comments such as telling her to "come and suck it."

170.    Plaintiff Jordan Lyles has been employed by CCSO as a correctional officer for approximately 2 years. While working in Divisions 5, 10, and 11, Ms. Lyle has been subjected to harassment that has included multiple incidents of detainees masturbating in her presence.

171.    Plaintiff Erica Madkins was employed as a CCDOC correctional officer for approximately 10 years. During her employment, including while working in Division 4 during the period between 2016 through 2018, Ms. Madkins was subjected to sexual harassment. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. This occurred on multiple occasions when Ms. Madkins was walking by herself or escorting female detainees from Division 4 to Receiving or to Cermak. Ms. Madkins was forced to bear the brunt of this behavior by placing herself between the male detainees and the female detainees she was escorting.

172.    Plaintiff Kesha Marion has been employed as an administrative assistant II at the Cook County Department of Corrections for 25 years.  Ms. Marion was subjected to sexual harassment on two separate occasions; once when working in Division 5 in 2021 and again in the lock-up of the Skokie Courthouse. In both instances, Ms. Marion was subjected to detainees exposing themselves and masturbating in her presence. The detainees in question were removed from the immediate presence of Ms. Marion, but she is unaware of whether any corrective action was taken.

173.    Plaintiff Marilyn McBride was employed as a Deputy Sheriff for 27 1/2 years. While she was assigned to the Markham Courthouse for approximately 23 years working in court services including in the period of 2017 through 2019, Ms. McBride was repeatedly subjected to sexual harassment. Ms. McBride was subjected to multiple incidents (over 50 times) of detainees

exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive comments.

174.     Plaintiff Shelondia McCloud has been employed as a Cook County deputy sheriff for approximately 16 years. Ms. McCloud was repeatedly subjected to sexual harassment. While working in Division 2, Division 6, and in Receiving, Ms. McCloud was exposed to multiple incidents of detainees exposing themselves, masturbating, groping themselves inappropriately, and making vile, sexually suggestive, and threatening comments. Supervisors shrugged off this behavior and told Ms. McCloud that she needed to get a tougher skin.

175.     Plaintiff Paris Mccoy was formerly employed by CCSO as a court services deputy and correctional officer until October 2019. Ms. Mccoy experienced harassment throughout her employment that included detainees exposing themselves and/or masturbating in her presence, and making sexually offensive comments to her.

176.     Plaintiff Jeelan McCray has been employed by Defendant Cook County as a registered nurse for approximately 7 years. The harassment Ms. McCray has experienced has included multiple incidents of detainees masturbating in her presence in Division 9 since June 2022.

177.     Plaintiff Nancy McDaniel has been employed as a CCDOC correctional officer for approximately 22 years. Throughout her employment, while working in Division 3, Division 11, Division 6, Cermak, and in Central Kitchen, Ms. McDaniel was subjected to incidents of detainees exposing themselves, masturbating in her presence, groping themselves inappropriately, and making vile, sexually suggestive, and threatening comments.

178.     Plaintiff Laura McDonald has been employed as a registered nurse at the Cook County Department of Corrections for 30 years.  Ms. McDonald was repeatedly subjected to sexual

harassment, including while working in Division 6 in the period of 2018 through 2021. This harassment included multiple incidents of detainees exposing themselves, masturbating while laughing in her presence, and grabbing themselves inappropriately. Despite this egregious behavior, offending detainees would be right back on the tier in a short period of time.

179.     Plaintiff Eleanor McFadden-Kyles was employed as a CCDOC correctional officer for 30 years. During her employment, Ms. McFadden-Kyles was subject to sexual harassment, including when assigned to Division 11 and when assigned to guard detainees at Stroger Hospital. These instances involved detainees exposing themselves and masturbating in her presence. This aberrant sexual behavior by the detainees was the norm.

180.     Plaintiff Yolanda McKeel was formerly employed by CCSO as a correctional officer and court service deputy. While working in Division 2 and the Markham Courthouse between 2019 and 2021, Ms. McKeel was subjected to harassment that included multiple incidents of detainees exposing their gential areas to her.

181.     Plaintiff Crystal McSwain has been employed as a deputy sheriff by CCSO since 2013. Ms. McSwain has been subjected to harassment that has included repeated incidents of detainees masturbating in her presence and making sexually offensive comments such as "guard, guard, my dick is getting hard" in Division 4 from 2016 or 2017 to the present. After the first incident, Ms. McSwain complained to a CCSO lieutenant. While the offending detainee was temporarily moved to another unit, he was back a few days later and allowed to remain in Ms. McSwain's unit where he continued his misconduct.

182.     Plaintiff Briseida Medina was employed as a CCDOC correctional officer for over 2 years before taking a position with the Sheriff's Police. During her employment as a correctional officer in 2018 to 2019, Ms. Medina was subjected to multiple incidents of detainees exposing

themselves, masturbating in her presence while staring at her, and grabbing themselves inappropriately.

183.    Plaintiff Christina Medina has been employed as a CCSO police officer. While working in Division 9 between April 2018 and February 2022, and Division 8 RTU from 2013 to 2017, Ms. Medina was subjected to harassment that included regular incidents of detainees masturbating at her. In Division 9, the attacks occurred on any everyday basis. During these incidents, detainees would make sexually harassing comments like "you know you want this dick."

184.    Plaintiff Sharkira Mendoza was employed as a CCDOC correctional officer and then as a Sergeant for approximately 6 years. During her employment, including while working in Division 6, Division 9, Receiving and in Cermak, Ms. Mendoza was subjected to sexual harassment. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence while staring at her, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These comments included requests by detainees for Ms. Mendoza to suck their dicks. This harassment occurred, among other times, in 2018 through 2023.

185.    Plaintiff Monina Mercado-Jude has been employed by Defendant Cook County as a registered nurse for approximately 24 years. While working in Cermak since approximately since 2010, Ms. Mercado-Jude has been subjected to harassment that has included detainees making sexually hostile comments to her on a regular and continuing basis. On one occasion, a detainee awaiting a foley catheter insertion said aloud while pointing at Ms. Mercado-Jude "I like that nurse to do it, because she likes doing it." Ms. On another occasion, a detainee pointed at Ms. Mercado-Jude and asked with a grin "Have you been broken?" Ms. Mercado-Jude has also been subjected to incidents of detainees exposing themselves in her presence.

186.     Plaintiff Coretta Miller-Colyer has been employed as a CCSO correctional officer / deputy sheriff for approximately 20 years. Ms. Miller-Coyler has been subjected to harassment that has included incidents of detainees exposing their genitals and/or masturbating at her in Division 6 and RCDC in May 2015; July and September 2017; June /May, July, and August 2018; November and December 2020; January, March, and June 2021; and May, July, September, and October 2022.

187.     Plaintiff Lakesha Mitchell has been employed by Defendant Cook County as a registered nurse / clinical nurse since 2013. Ms. Mitchell has been subjected to harassment that has included repeated incidents of detainees exposing their genitals and/or masturbating in her presence in Cermak and Division 2, including most recently in February 2020, July 2021, January 2022, March 2022, August 2022, September 2022, and November 2022.

188.     Plaintiff Renia Mitchell has been employed as a CCSO correctional officer / deputy sheriff for approximately 35 years. The harassment Ms. Mitchell has experienced has included multiple incidents of detainees masturbating in her presence and making sexually offensive comments such as "bitch, bitch, you like this" in Division 3 Annex and Division 8 RTU, including as recently as 2020.

189.     Plaintiff Bridgett Monroe has been employed as a CCDOC correctional officer for approximately 16 years. During her employment, including while working in Division 5, Division 10, and Division 11, Ms. Monroe was subjected to sexual harassment. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. This harassment occurred in Division 5 in 2007-08, in Division 10 in 2009-11, and in Division 11 in

2018 and 2019. At times this sexual harassment was encouraged by certain supervisors who would make comments about the shapeliness of the women's bodies in front of the detainees.

190.    Plaintiff Ana Monterroso-Carey has been employed as a CCSO deputy sheriff since 2006. Throughout her employment, including in Division 3/8 – Cermak (2006-07), Division 4 (2008-12), and RCDC (2013-present), Ms. Monterroso-Carey has been subjected to harassment that has included numerous occasions of detainees exposing themselves to her.

191.    Plaintiff Vicki Montgomery has been employed as a Deputy Sheriff for approximately 21 1/2 years. During her employment, including while working in Division 2, Division 5, Receiving, and External Operations, Ms. Montgomery was repeatedly subjected to sexual harassment. The sexual harassment consisted of multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. This sexual harassment occurred during the period of 2016 to 2022. Ms. Montgomery was forced sometimes to endure these incidents on a daily basis.

192.    Plaintiff Cendi Morgan has been employed as a registered nurse at the Cook County Department of Corrections for 7 years.  Ms. Morgan was repeatedly subjected to sexual harassment while working in Division 9, Division 10, and Division 11.  This harassment first occurred in 2016-17 and extended to 2022. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence while she was passing medication, and fondling themselves inappropriately.

193.    Plaintiff Sheila Moss was formerly employed as a correctional officer by CCSO. Since approximately 2016 and through her retirement in July 2021, Ms. Moss was subjected to harassment that included regular incidents of detainees exposing themselves and/or masturbating in her presence. While performing food delivery between 2016 and 2020, Ms. Moss was subjected

to multiple such incidents while she walked through the tunnel. While working in Divisions 9, 10, and 11 in approximately the last year before her retirement, Ms. Moss would be subjected to such incidents multiple times per month.

194.    Plaintiff Maria Muro has been employed by Defendant Cook County as a registered nurse. Since beginning at Cermak in February 2020, Ms. Muro has been subjected to harassment that has included detainees regularly exposing their genitals, masturbating in her presence, and/or making sexual advances and threats.

195.    Plaintiff Shallon Nachowitz has been employed as a CCDOC correctional officer for approximately 12 years. During her employment, Ms. Nachowitz was repeatedly subjected to sexual harassment while working in Division 11 including in the period from 2019 through 2022. This harassment included multiple and regular incidents of detainees exposing themselves, masturbating in her presence, and grabbing themselves inappropriately.

196.    Plaintiff Jeannette Neal was employed as a CCDOC correctional officer/deputy sheriff for approximately 26 years. During her employment, including while working during the period between 2018 to 2020 in Division 11, Ms. Neal was repeatedly subjected to sexual harassment. This harassment included multiple (between 35 and 50) incidents of detainees exposing themselves, masturbating in her presence and while staring at her, groping themselves inappropriately, and making threatening and vile sexual comments including threats of rape.

197.    Plaintiff Jacquetta Nealon has been employed as a CCDOC correctional officer for almost 4 years. While working in Division 6, Cermak, Division 3, Division 2, and Division 8 RTU, in 2020 through 2022, Ms. Nealon was repeatedly subjected to sexual harassment. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence,

grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments.

198.     Plaintiff Aniela Newsom has been employed as a CCDOC correctional officer for approximately 25 years. During her employment, including while working in External Operations during the period between 2018 to 2020, Ms. Newsom was subjected to sexual harassment. This harassment included multiple incidents of detainees from Division 9 exposing themselves, masturbating in her presence while staring at her, grabbing themselves inappropriately, and making vile and sexually suggestive remarks. These remarks included statements where detainees would tell Ms. Newsom that they would fuck the shit out of her. There were no correctional officers monitoring these detainees during their recreation time, allowing them to continue this behavior.

199.     Plaintiff Modestine Ngonmeudje has been employed as a registered nurse at the CCDOC for approximately 5 years. During each of those 5 years, Ms. Ngonmeudje has been subjected to repeated sexual harassment while working in RTU – Division 8. This sexual harassment included multiple incidents of detainees exposing themselves, masturbating in her presence often while staring at her, grabbing themselves inappropriately and making vile, sexually suggestive comments.

200.     Plaintiff Chinedu Ngozi has been employed by Defendant Cook County as a nurse since 2015. Throughout her employment from 2015 to 2022, Ms. Ngozi was subjected to harassment that included numerous incidents of detainees exposing themselves and/or masturbating in her presence in Divisions 2, 6, 9, 10, and RTU 3, 4.

201.     Plaintiff Gwendolyn Nowells has been employed as a Cook County deputy sheriff for approximately 22 years. While working in Division 5, Ms. Nowells was subjected to a detainee

exposing his genitals to her in April 2019 and a detainee grabbing his genitals and making a crude remark to her in May 2021. No corrective action was taken.

202.    Plaintiff Laura Nunez has been employed by Defendant Cook County as a registered nurse CNU (agency) for approximately 1 year. Ms. Nunez has been subjected to incidents of detainees exposing their genitals and/or masturbating in her presence in Divisions 6, 8 (RTU 3rd Floor, 4th Floor, 5th Floor), 9, and 10. On some occasions, the detainees would say things such as "you are so beautiful," "can I take out to dinner," and "we can have babies."

203.    Plaintiff Edith Nwankpa has been employed by Defendant Cook County as a licensed practical nurse (LPN) for approximately 18 years. From 2017 to 2022, Ms. Nwankpa has been subjected to multiple incidents of detainees exposing their genitals in her presence while using foul language.

204.    Plaintiff Charity Nwaru has been employed as a registered nurse at the CCDOC for approximately 23 years. From 2009 through 2019 while working in Division 9 and at Cermak, Ms. Nwaru was subjected to sexual harassment. This sexual harassment consisted of multiple incidents of detainees exposing themselves while she was passing medication, masturbating in her presence, and grabbing themselves inappropriately. Ms. Nwaru would be forced to see these masturbating offenders again and again.

205.    Plaintiff Francesca Nwora-Takpor was employed as a nurse at the CCDOC for approximately 23 years. From 2000 through 2018 while working at Cermak, Ms. Nwora-Takpor was repeatedly subjected to sexual harassment in the form of multiple incidents of detainees exposing themselves during the passing of medication and dressing changes, masturbating in her presence, grabbing themselves inappropriately and making sexually suggestive comments. This occurred as often as 4 to 5 times a week.

206. Plaintiff Jennifer Obrzut has been employed as a CCDOC correctional officer for almost 20 years. During her employment, Ms. Obrzut was repeatedly subjected to sexual harassment in the form of multiple incidents of detainees exposing themselves and masturbating at her. These incidents included those that happened in RTU and at Cermak (on an almost daily basis at times) in the period between 2017 and 2019.

207. Plaintiff Wuraola Ojelabi has been employed by Defendant Cook County as a registered nurse for approximately 7 years. In June 2021, a detainee masturbated in her presence in Division 8 RTU 4. The detainee was redirected by the Cook County Sheriff's Office, but no other corrective action was taken.

208. Plaintiff Evelyn Okeke has been employed by Defendant Cook County as a registered professional nurse (RN) for approximately 18 years. While working at Cermak Health Services for the past 10 years, Ms. Okeke has been subjected to inmates exposing their genitals and/or masturbating in her presence and/or making sexual advances on a daily basis. On one occasion, a detainee attacked Ms. Okeke, fracturing her right arm and left shoulder and tearing her left rotator cuffs.

209. Plaintiff Ajok Okwonga has been employed by Defendant Cook County as a nurse at Cook County Jail for approximately 7 years. Throughout her employment, Ms. Okwonga has been the victim of regular incidents of direct harassment while working in Divisions 5, 9, 10, and RTU. This has included multiple incidents of detainees masturbating and/or exposing their penises in her presence, which have occurred at least in 2015, 2019, 2020, and 2021.

210. Plaintiff Blessing Onuorah has been employed by Defendant Cook County as a clinical nurse since July 2014. While working in Division 8 in 2022, Ms. Onuorah was subjected to multiple incidents of detainees masturbating at her. On one occasion, 3 detainees masturbated

at her while saying "you are my pussycat," "Ima fuck you good," "you are gonna be all over me after I come on you like this." On another occasion, a detainee called her attention inside the shower while ejaculating and told her "yeah, yeah, please always come to this unit to give me meds." When Ms. Onuorah reported the incident to a correctional officer, the officer blamed Ms. Onuorah for this incident, claiming that the detainee told him that Ms. Onuorah "liked it" and told him to do it.

211. Plaintiff Cherechi Onyenso has been employed as a Registered Nurse at the CCDOC Jail for over 20 years. While working in Cermak and in Division 9 during the period of 2014 through 2022, Ms. Onyenso was subjected to incidents of detainees exposing themselves, masturbating in her presence, and grabbing themselves inappropriately. In these instances, the correctional officer on duty was either not paying attention, refused to/or was reluctant to intervene, or failed to intervene.

212. Plaintiff Mayra Ortiz has been employed as a CCDOC correctional officer for over 13 years. During her employment in Division 11 including the period from 2020 through 2022, Ms. Ortiz was repeatedly subjected to sexual harassment. This sexual harassment included detainees exposing themselves, masturbating at her or in her presence, groping themselves inappropriately, and making vile, sexually suggestive, and threatening comments to her. These comments included graphic statements by detainee describing how they wanted to sexually violate Ms. Ortiz.

213. Plaintiff Cynthia Osafo has been employed as a registered nurse at the CCDOC for approximately 30 years. From 1993 through 2023, Ms. Osafo was repeatedly subjected to sexual harassment in the form of multiple incidents of detainees exposing themselves, masturbating in her presence while calling out her name, grabbing themselves inappropriately and making vile,

sexually suggestive, and threatening comments. These incidents would happen multiple times a month throughout Ms. Osafo's tenure.

214.    Plaintiff Destini Palmer has been employed as a Cook County correctional officer for approximately 3 ½ years. While working in Division 8 RTU on or about September 6, 2022, January 20, 2022, May 19, 2020, and November 17, 2019, Ms. Palmer was subjected to detainees exposing their genitals and/or making sexual comments / threats against her. One of the detainees was issued a disciplinary ticket and received hole time, but otherwise no corrective action was taken.

215.    Plaintiff Kimberly Parker is employed by Defendant Cook County as a system analyst. Ms. Parker has been subjected to multiple incidents of detainees exposing their genitals and/or masturbating in her presence from 2014 to at least 2019 while working in Cermak Health Services, male receiving, and Division 9.

216.    Plaintiff Lytonia Paul has been employed as a licensed practical nurse II for over 5 years at the CCDOC. Ms. Paul was repeatedly subjected to sexual harassment during the period from 2018 through 2022 while working at Cermak. This harassment consisted of multiple incidents of detainees exposing themselves, masturbating in her presence, and grabbing themselves inappropriately. Offending detainees would engage in this behavior repeatedly without consequence, forcing Ms. Paul to endure repeated acts of harassment from the same detainees over and over again.

217.    Plaintiff Stephanie Pegus has been employed as a CCDOC correctional officer for over 30 years. During her employment, including while working during the period between 1999 through 2019 in Receiving, RTU, and the Discharge Unit, Ms. Pegus was subjected to sexual harassment. This harassment included multiple incidents of detainees exposing themselves,

masturbating in her presence while calling her name, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These comments included telling her that they were gonna find her out on the street and fuck her up the ass.

218.    Plaintiff Catherine Perry has been employed as a Deputy Sheriff and has worked in this capacity for approximately 15 years. While working in Cermak Hospital, Division 2, Division 9, and the Boot Camp, in the period from 2002 through 2019, Ms. Perry was subjected to incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. Ms. Perry wrote detainees up on a number of occasions, but the paperwork never went anywhere. A supervisor told Ms. Perry that nothing could be done regardless of the behavior as long as the detainee was in his cell. Supervisors also asked Ms. Perry, why this always happened to her and stated that maybe it was because she was asking for it or wanted it to happen.

219.    Plaintiff Shana Poe has been employed as a building services worker at the CCDOC for approximately 18 years. During the course of her employment, Ms. Poe was subjected to multiple incidents – over 20 - of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These comments included graphic descriptions of what the detainee was going to do sexually to Ms. Poe and exactly how he was going to violate her. This sexual harassment included incidents of this type in 2020, 2022, and 2023.

220.    Plaintiff Adrienne Pugh has been employed as a deputy sheriff at the CCDOC for 19 years. During her employment at the Maybrook Courthouse and in Division 11, Ms. Pugh was subjected to multiple incidents – over 20 - of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and

threatening comments. These comments included a detainee telling Ms. Pugh that she can suck his dick and another detainee telling her that he was going to give it to her in all her holes. Many of these incidents occurred since 2020 when Ms. Pugh was assigned to Division 11.

221.     Plaintiff Tonya Rambo has been employed as a Cook County correctional officer for approximately 24 years. Throughout her career, including while working in Division 11 from 2012-2020, Ms. Rambo has been subjected to sexual harassment. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments.

222.     Plaintiff Sharon Rayford was employed as a Cook County correctional officer for 30 years. In 2020 or 2021, Ms. Rayford was subjected to at least two incidents of detainees exposing their genitals to Ms. Rayford, including one whop spit and sprayed his urine at her. No corrective action was taken, although a correctional sergeant was present for at least one of the incidents.

223.     Plaintiff Cheryl Reese was employed as a deputy sheriff at the CCDOC for 30 years. While working between 2017 to 2020 in Division 6 and the visiting area, Ms. Reese was subjected to multiple incidents of detainees exposing themselves, masturbating in her presence while calling her name, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. Offending detainees would be written up, but would be right back on the tier the next shift.

224.     Plaintiff Ronda Reese was employed as a Deputy Sheriff for 30 years. While she was working in court services in the period of 2015 through 2019, Ms. Reese was repeatedly subjected to sexual harassment. Ms. Reese was subjected to multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and

making vile, sexually suggestive comments. This occurred in the lock-up area of the courtroom and regularly when she would go to Receiving to pick-up or drop off paperwork or detainees. Even after offending detainees were placed in green jumpsuits, they would open the front of that jumpsuit and masturbate towards Ms. Reese.

225.    Plaintiff Amanda Reid was employed as a CCDOC correctional officer beginning in 2017. Ms. Reid was subjected to sexual harassment in 2020 while working in RTU. At this time, Ms. Reid, who was forced to work a tier without a partner, had a detainee masturbating at her.

226.    Plaintiff Dorothy Riles has been employed as a Deputy Sheriff for 24 years. While she was assigned to the Markham Courthouse working in court services in the period of 2017 through 2020, Ms. Riles was repeatedly subjected to sexual harassment. Ms. Riles was subjected to multiple incidents – between 15 and 20 - of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive comments. These comments included sexual moaning and telling Ms. Riles to turn that ass over.

227.    Plaintiff Jasmine Robinson has been employed as a CCDOC correctional officer for over 2 years. During her employment while working in Division 11, Ms. Robinson was subjected to sexual harassment. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, and grabbing themselves inappropriately.

228.    Plaintiff Yolanda Robinson has been employed as a CCDOC correctional officer/deputy sheriff for approximately 29 years. During her employment, including while working during the period between 2020 to 2022 in Division 11, Ms. Robinson was subjected to sexual harassment. This harassment included multiple and regular incidents of detainees exposing themselves, masturbating in her presence while staring at her, masturbating with their penis sticking out of the chuck hole, and grabbing themselves inappropriately. In one instance, a detainee

declared that he did not give a fuck about any green jumpsuit because he would be put right back on the same tier. Even though Ms. Robinson pressed charges as a victim of this behavior, she was forced to see the detainee again.

229. Plaintiff April Rowell-Robinson was employed as a Cook County correctional officer between 2006 and 2020. While working in Division X, RCDC, and Division XIII RTU throughout her employment, Ms. Rowell-Robinson was subjected to numerous incidents of detainees masturbating while in line together and masturbating at her while saying things like "you like what you see?" and "you want some of this dick?" Ms. Rowell-Robinson and other officers would report these incidents, but nothing was ever done because they were so common.

230. Plaintiff Christine Rutkowski has been employed as a Cook County correctional officer for approximately 18 years. While working in Division XIII RTU from 2004 to 2005, Division IV from 2018 to 2019, and RCDC from 2019 to present, Ms. Rutkowski has been subjected to numerous incidents of detainees exposing themselves and/or masturbating at her.

231. Plaintiff Krystal Sankey has been employed by CCSO as a law librarian for approximately 15 years. From 2016 to 2021, Ms. Sankey was subjected to multiple incidents of detainees masturbating in her presence in Division 10 and, on one occasion, Division 5.

232. Plaintiff Nongram Sarika has been employed by Defendant Cook County as a nurse for approximately 8 years. From 2015 to the present, Ms. Nongram has been subjected to harassment that has included regular incidents of detainees exposing their genitals and/or masturbating in her presence and making sexually offensive comments to her in Division 2, 9, and 10, RTU, and Cermak.

233. Plaintiff Elizabeth Santos has been employed by Defendant Cook County as a registered nurse since approximately 2003. Since 2011, Ms. Santos has been subjected to

harassment that has included detainees exposing their genitals and/or masturbating in her presence in Divisions 9 and 11, including as recently as September 2022 when a detainee masturbated in her presence.

234.   Plaintiff Monica Saunders (Marshall) has been employed as a CCDOC deputy sheriff for approximately 7 years. While working in Division 10 in 2018, and Division 11 in 2021 and 2022, Ms. Saunders was subjected to harassment that included at least six incidents of public indecency / lewd exposure by detainees.

235.   Plaintiff Azalee Scales has been employed as a CCDOC correctional officer for approximately 14 years. During her employment, including during the periods between 2012 through 2014, and 2018 through 2022. Ms. Scales was subjected to sexual harassment. This sexual harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These incidents occurred while Ms. Scales was working in Division 9, Division 5, and Division 6. There was a casual attitude towards the behavior by supervisors, who did not act in a timely fashion to remove detainees from the tier and forced Ms. Scales to endure additional time with the offending detainees.

236.   Plaintiff Wendy Scales has been employed as a CCDOC correctional rehabilitation worker for approximately 6 years. During her employment, including while working during the period between 2017 to 2022 in Division 9 and in RTU, Ms. Scales was subjected to multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These comments included masturbating detainees telling her to come over and "suck my dick" and stating that "Ms. Scales don't want that little dick, she wants this big dick."

237.   Plaintiff Algeia Scott was employed as a registered nurse at the CCDOC for approximately 8 years. From 2014 through 2021, Ms. Scott was repeatedly subjected to sexual harassment. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These comments included a detainee showing Ms. Scott ejaculate and saying "These kids are for you." This sexual harassment included multiple instances that occurred while Ms. Scott was working in Division 2, Division 5, Division 6, Division 9, Division 11, and RTU.

238.   Plaintiff Pamala Scott has been employed as a Cook County deputy sheriff for approximately 17 years. While working in Division 9 in the period between 2018 and 2022, Ms. Scott was repeatedly subjected to sexual harassment in the form of multiple incidents of detainees exposing themselves, masturbating, and making vile, sexually suggestive, and threatening comments. These included comments that were directed to Ms. Scott that a detainee would "fuck you and your momma."

239.   Plaintiff Ocie Seay has been employed as a CCDOC correctional officer for over 24 years. During her employment, including while working during the period between 1998 to 2021 in Division 11, Ms. Seay was subjected to sexual harassment. This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments.

240.   Plaintiff Thelma Sellers has been employed for approximately 2 years with Cook County as a registered nurse at the CCDOC. During the course of her employment, Ms. Sellers was subjected to sexual harassment in the form of multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile,

sexually suggestive, and threatening comments. These comments including a detainee telling Ms. Sellers to "suck my dick." Officers have refused Ms. Sellers' request to have the detainees removed from her area. This behavior occurred during the period from 2020 through 2022 when Ms. Sellers was working in RTU. Detainees would draw Ms. Sellers' attention and then masturbate towards her at various times, including when she was passing medication or taking medical complaints. Detainees would also stick their penis out through the chuckhole towards Ms. Sellers.

241.    Plaintiff Regina Senese was employed as a CCDOC correctional officer for over 15 years before taking a position with the Sheriff's Police in 2020. During her employment as a correctional officer in the period from 2017 through 2019, Ms. Senese was subjected to multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These instances – which numbered between 15 and 20 – occurred primarily while Ms. Senese was working in Receiving but also included at least one instance when she was working in Division 2.

242.    Plaintiff Nadia Shehdah has been employed as a CCDOC correctional officer for approximately 2 years. While working in Division 4, Division 5, and Division 6 in 2020-22, Ms. Shehdah was subjected to incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments.

243.    Plaintiff Le'monne Sherman has been employed as a CCDOC deputy sheriff for approximately 15 ½ years. Ms. Sherman was subjected to sexual harassment including on multiple occasions during 2021 and 2022 when detainees in Division 11 would expose themselves, masturbate in her presence, and grab themselves inappropriately.

244.     Plaintiff Lakeesha Smith has been employed by Defendant Cook County as a nurse since 2013. While working in RTU, Cermak, Divisions 6, 9, and 10 throughout her employment, Ms. Smith has been subjected to multiple incidents of inmates exposing their genitals and/or masturbating in her presence, including as recently as June 2022 when a detainee masturbated at Ms. Smith in Division 9.

245.     Plaintiff Bettye Smith has been employed as a registered nurse with the CCDOC for over 7 years. Throughout the course of her employment, Ms. Smith was regularly subjected to sexual harassment including while working in Division 5, RTU, Division 2, and Division 11. This sexual harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments while she was passing medications or doing other duties.

246.     Plaintiff Natalie Smith has been employed as a CCDOC correctional officer for approximately 18 years. While working in Division 9 and Division 1 in the period between 2014 through 2018, Ms. Smith was subjected to sexual harassment.  This harassment included multiple incidents of detainees exposing themselves, masturbating in her presence while calling out Ms. Smith's name, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments.

247.     Plaintiff Candace Sneed has been employed by CCSO as an education coordinator and correctional rehabilitation worker. While working in Divisions 9, 10, 11, and Division 8 RTU from 2016 to 2021, Ms. Sneed was subjected to harassment that included incidents of detainees exposing themselves and masturbating in her presence and saying explicit things. On at least one occasion in October 2020, a detainee grabbed her butt as she walked past.

248.    Plaintiff Joann Space has been employed by Defendant Cook County as an administrative aid / ward clerk. The harassment Ms. Space has experienced has included multiple incidents of detainees exposing their genitals and/or masturbating at her in Division 9 between 2017 and 2018. On one occasion, the detainee smeared what appeared to be semen on the window behind which Ms. Space was sitting in the dispensary.

249.    Plaintiff Felicia Sparkman has been employed as a CCDOC correctional officer for approximately 16 years. While working in Division 9 in 2013, in Division 6 in 2018, and in Division 8/Cermak in 2020-22, Ms. Sparkman was subjected to incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments.

250.    Plaintiff Crystal Spight has been employed as a CCSO correctional officer for approximately 2 years. While working in Division 11 and RTU, Ms. Spight has been subjected to harassment that has included incidents of detainees exposing their genitals to and/or masturbating at her.

251.    Plaintiff Camille Steels has been employed as a registered nurse for over 5 ½ years. Ms. Steels was repeatedly subjected sexual harassment in the form of multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. This sexual harassment included multiple instances – 12 to 15 - that occurred between 2017 and 2022 while she was working in Division 9, Division 11, Division 5, and RTU. Among the comments made by masturbating detainees to Ms. Steels was that they would fuck her. Ms. Steels, whose first experience to the sexually aberrant behavior was during her orientation, was given the impression that such behavior was normal for the jail and had to be accepted.

252.    Plaintiff Cynthia Steward has been employed as a registered nurse at CCDOC for over 11 years. Ms. Steward was repeatedly subjected to sexual harassment in the form of multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. This sexual harassment included multiple instances that occurred between 2017 and 2022 while she was working in Division 6. These instances including detainees placing their penis on a desk, masturbating during a blood draw, and similar actions during the passing of medications.

253.    Plaintiff Brenda Stratham was employed as a Deputy Sheriff for approximately 25 years. While working in lock-up of the courtrooms located at Harrison and Kedzie in Chicago, Illinois, Ms. Stratham dealt with CCDOC detainees who would be brought to court for criminal cases.  In 2018 and 2019, Ms. Statham was constantly subjected to detainees who would sit in the lock-up area and expose themselves, masturbate in her presence while looking at Ms. Stratham and telling her what they wanted to do to her, grabbing themselves inappropriately and making other vile, sexually suggestive, and threatening comments. Supervisors allowed the detainees who behaved in this manner to sit outside the cells despite this behavior, telling Ms. Stratham that there was not sufficient cell space so that these detainees could be placed in a cell.

254.    Plaintiff Kimberly Squires has been employed as a CCDOC deputy sheriff for almost 16 years. During her employment, including while working during the period between 2010 to 2020 in Division 10, Division 4, and Division 6, Ms. Squires was subjected to sexual harassment. This sexual harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. At most, offending detainees would simply be put into a

holding area until the next shift, locked up for the day, or moved temporarily to another tier only to be returned during the same shift.

255.    Plaintiff Jovita Tate has been employed as a CCSO deputy sheriff for approximately 20 years. While working in Divisions 6 and 11 throughout her employment, including from 2018 through 2020, Ms. Tate was subjected to harassment that included numerous incidents of detainees exposing themselves and/or masturbating in her presence. On one occasion, a detainee stood on a toilet while she was conducting a count and ejaculated on her face.

256.    Plaintiff Arah Temple has been employed as CCSO deputy sheriff for approximately 25 and ½ years. Throughout her employment, Ms. Temple has been subjected to harassment that has included numerous incidents of detainees masturbating in her presence in Divisions 3, 8, External Operations, and Stroger Hospital, including as recently as November 2021. When Ms. Temple worked in Division 9, this type of conduct occurred on an almost daily basis.

257.    Plaintiff Cecilia Torres has been employed as a registered nurse at the Cook County Department of Corrections for 23 years.  Ms. Torres was repeatedly subjected to sexual harassment in the form of multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. Ms. Torres was subjected to this behavior multiple times a week while she was working in RTU in the period of 2016 through 2023 and when she was working in Cermak in 2018 and 2019. Ms. Torres also suffered sexual harassment of this nature on multiple occasions when working in Division 2 and in Division 9. These vile comments Ms. Torres was forced to endure included masturbating detainees telling her that they were going to fuck her.

258.    Plaintiff Rina Trani (flores) has been employed by Defendant Cook County as an ERT / paramedic for approximately 6 years. While working in Division 9 in 2016, 2017, 2018,

2019, 2021, and 2022, Division 10 in 2019, and urgent care / Cermak in 2021, Ms. Trani was subjected to harassment that included detainees exposing themselves and/or masturbating in her presence. On one occasion in July 2021, while inserting an IV into the arm of a detainee, the detainee grabbed Ms. Trani's arm and tried to pull her face near his genitals while masturbating.

259. Plaintiff Shirley Triplett was employed as a CCDOC deputy sheriff for approximately 30 years. From 2016 until her retirement on December 31, 2019, while working in male holding, RCDC, and Division 9, Ms. Triplett was subjected to harassment that included regular incidents of detainees masturbating in her presence.

260. Plaintiff Grace Tse has been employed by Defendant Cook County as a registered nurse for approximately 8 years. The harassment Ms. Tse has experienced has included a detainee masturbating at Ms. Tse in Division 10 in May 2022 and a detainee yelling at Ms. Tse in approximately October 2021 "you Chinese need to get back to your country; if you dare to touch me, I am going to kill you."

261. Plaintiff Neisha Turner has been employed as a CCDOC deputy sheriff for approximately 17 ½ years. Ms. Turner was regularly subjected to sexual harassment while working in Receiving, the Tunnel, and Division 2, during the period of 2015 through 2020. This sexual harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These comments included graphically telling Ms. Turner in what ways they wanted to sexually violate her.

262. Plaintiff Pauline Ude has been employed by Defendant Cook County as a nurse. While working in Divisions 9 and 10, Ms. Ude was subjected to harassment that has included detainees exposing their genitals to her, including as recently as May 2022.

65

263.    Plaintiff Chinwe Unachukwu has been employed for approximately 17 years with Cook County as a registered nurse. During the course of her employment Ms. Unachukwu was repeatedly subjected to sexual harassment in the form of multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. This behavior occurred frequently, including during the time from 2018 through 2022 when Ms. Unachukwu was working in Cermak, Division 10, Division 5, and Division 9. Detainees would draw Ms. Unachukwu's attention and then masturbate towards her, including when she was passing medication. They would also stick their penis out through the chuckhole towards Ms. Unachukwu.

264.    Plaintiff Kim Vargas has been employed as a Cook County deputy sheriff for over 21 years. While working in Division 9 in 2020 and 2021, Ms. Vargas was subjected to at least three incidents of detainees exposing themselves, masturbating, and making vile, sexually suggestive, and threatening comments. These included comments that were directed to Ms. Vargas such as "You so fine that I'd suck that pussy from here to tomorrow." In one instance, a supervisor even refused to write up a detainee or move him to a different tier per policy, instead asking the detainee to simply apologize for his actions in exposing himself and masturbating in front of Ms. Vargas.

265.    Plaintiff Rosa Vargas was employed as a CCDOC correctional officer and is currently employed with the Cook County Sheriff's police. While working in Division 9 in 2019 or 2020, Ms. Vargas was subjected to sexual harassment that included a detainee exposing himself and masturbating in her presence.

266.     Plaintiff Piper Villatoro has been employed as a Cook County correctional officer for approximately 1 year. Ms. Villatoro has been subjected to harassment that has included a detainee masturbating at her in Division 11.

267.     Plaintiff Jeanette Villegas has been employed as a CCSO deputy sheriff for approximately 18 years. While working in Division 5 in May 2022 and two other occasions, Division 6 in June 2021, RTC from 2018 to 2019, and Division 8 RTU in April 2016, Ms. Villegas was subjected to lewd conduct from detainees, including detainees masturbating in her presence. Ms. Villegas was the victim of a detainee masturbating in her presence at least as recently as May 2022 in Division 5.

268.     Plaintiff Monique Von Moss has been employed by Defendant Cook County as a registered nurse for approximately 1 ½ years. The harassment Ms. Von Moss has experienced included an incident on September 15, 2022 when multiple detainees masturbated in Ms. Von Moss' presence in Division 9.

269.     Plaintiff Patsy Walker-Dabney has been employed as a CCDOC correctional officer for 32 years. Ms. Walker-Dabney was employed in Division 11 for the bulk of her career through 2021. During this time, she was subjected to repeated sexual harassment in the form of multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These comments included a detainee telling Ms. Walker-Dabney that he was going to take his penis, wrap it around her neck, and strangle her.

270.     Plaintiff Maureen Wasco has been employed as a CCDOC correctional officer for approximately 27 years. Ms. Wasco was regularly subjected to sexual harassment in Division 9 in 2018 through 2020. The sexual harassment consisted of multiple incidents of detainees exposing

themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These comments included telling Ms. Wasco in what ways they wanted to sexually violate her. Ms. Wasco was also forced to endure sexually aberrant behavior while working in External Operations in 2019 and 2020 when detainees she was forced to watch would masturbate in her presence. These detainees would continue to masturbate, and Ms. Wasco's assignment would not allow her to leave their immediate presence while they did so. Supervisors would frequently comment that she "took the job" and accepting this sexually aberrant behavior was "part of the job" and was expected on her part.

271.    Plaintiff Tammy Webster has been employed by Defendant Cook County as a nurse since August 2021. While working in Divisions 9, 10, and Division 8 RTU, Ms. Webster has been subjected to harassment that has included a detainee masturbating in her presence while she was doing a dressing change in April 2022.

272.    Plaintiff Carolyn West was employed as a CCDOC deputy sheriff for 30 years. During her employment, including while working during the period between 2018 to 2022 in Division 11 and in External Operations, Ms. West was subjected to multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These comments included detainees asking Ms. West if she wanted some dick.

273.    Plaintiff Michelle Wheaton has been employed as Deputy Sheriff for approximately 18 years. During that time, Ms. Wheaton was regularly subjected to sexual harassment in the form of multiple incidents of detainees exposing themselves, masturbating in her presence while staring at her, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. This included the period of 2018 when Ms. Wheaton was working in Division 11. Such

incidents occurred repeatedly, virtually daily, yet none of the sexually deviant offenders was wearing a green jumpsuit to identify them as a potential sexual offender.

274.    Plaintiff Artemese White was employed as a CCDOC correctional officer for approximately 30 years. Ms. White was regularly subjected sexual harassment in the form of multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and laughing. This included the period where Ms. White was working in Division 11 in 2017 and Receiving in 2020.

275.    Plaintiff Yvette White has been employed as a CCDOC correctional officer for approximately 23 years. While working in the Laundry Unit in 2020 and 2021, Ms. White was required to go to a number of divisions within the jail to fulfill her duties. While in Division 11 and in Division 5, Ms. White was subjected to incidents of detainees exposing themselves, masturbating in her presence, and grabbing themselves inappropriately.

276.    Plaintiff Deanna Williams has been employed by Defendant Cook County as a building service worker for approximately 8 years. Her work duties take her to all of the Divisions of the Cook County Jail. Throughout her employment, she has been subjected to harassment that has included detainees exposing themselves and/or masturbating in her presence on a daily basis.

277.    Plaintiff Debra Williams has been employed as a CCSO deputy sheriff / correctional officer for approximately 23 years. The harassment Ms. Williams has experienced has included multiple incidents of detainees exposing themselves and/or masturbating in her presence in Division 5 from 2018 to 2021. Although offending detainees would be temporarily moved from Ms. Williams tier, they would later be placed back on her tier.

278.    Plaintiff Evonne Williams was employed for 30 years as a correctional officer with Cook County. While working in Receiving and Shipping during the period between 2015 through

2019, Ms. Williams was subjected to sexual harassment. This sexual harassment included multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. These comments included detainees holding their penis and telling Ms. Williams that they could give her this. The detainees shipping out from CCDOC were not dressed in green jumpsuits and there was no way of knowing who was a potential threat to engage in deviant sexual behavior.

279.    Plaintiff Julia Williams has been employed for over 25 years with Cook County as a correctional officer and deputy sheriff. While working in various divisions of the Cook County Department of Corrections since 2010, Ms. Williams was repeatedly subjected to sexual harassment in the form of regular incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments to her. This harassment covered included periods of time that Ms. Williams worked in Receiving from approximately 2020 through 2023, in RTU from approximately 2018 into 2020, and Division 10 from 2014 to 2018. Ms. Williams was told by a detainee that he was getting out, that he would get her address, and he was going to fuck her and her daughters too. When Williams sought to press charges, she was talked out of it with reassurances that the detainee would already be spending a considerable amount of time behind bars. In one incident, Ms. Williams was surrounded while with a nurse in a bubble with one detainee sitting on the floor masturbating and a group of fellow detainees encircling her doing the same. When she reported it to a supervisor, he just giggled and said you can always write them up if you want. Ms. Williams knows of an incident where after a detainee grabbed a female co-worker in the crotch area, leading a supervisor to comment that maybe the detainee needed to cop a feel. In another incident a supervisor ordered a reluctant female correctional officer to get a tray from a detainee, even though

the detainee had taken out his penis and laid it upon the tray. After ordering the female correctional officer to get the tray a second time, the supervisor was giggling.

280.    Plaintiff Cynthia Wilson has been employed by Defendant Cook County as a registered nurse for approximately 3 years. While working in Division 11 since 2021, Ms. Wilson has been subjected to harassment that has included multiple incidents where detainees falsely claim to have rashes between their legs and develop erections when examined. She has also been subjected to a detainee masturbating in her presence and sexually offensive comments from detainees. On October 31, 2022, another detainee struck Ms. Wilson on the butt while walking past and was allowed to stay in her presence for an examination before being eventually transferred to another Division. Ms. Wilson and other nurses have repeatedly complained that they are especially vulnerable to harassment in Division 11, which is a male division, because only female correctional officers are assigned to the area where they work.

281.    Plaintiff Victoria Winford has been employed for over 20 years with Cook County, working in various divisions of the Cook County Department of Corrections. While working between 2018 through 2022 in a variety of places including Division 5, Division 9, Division 2, 3 Annex and External Operations, Ms. Winford was subjected to sexual harassment. This sexual harassment included incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments.  The masturbation was directed at Ms. Winford, and was accompanied with comments such as "Let me give it to you raw"; "Can you handle this big dick"; and "I'll turn you out" among others.

282.    Plaintiff Deada Wright has been employed as a licensed practice nurse for approximately 8 years. While working in Division 6 in the period between 2018 through 2023, and

in Divisions 9 and 10 in the period of 2018 and 2019, Ms. Wright was regularly subjected to multiple incidents of detainees exposing themselves, masturbating in her presence, grabbing themselves inappropriately and making vile, sexually suggestive, and threatening comments. When Ms. Wright objected to this behavior, detainees would tell Ms. Wright, a woman old enough to be their grandmother, that if she did not want their penis, she would not be looking at them. Detainees would be told by supervisors that Ms. Wright attempted to have them written up and would then try and intimidate her by telling her that they knew she was trying to get them written up.

283. Plaintiff Kasandra Wright has been employed by Defendant Cook County as a ward clerk. From 2014 to the present, while working in Cermak / tunnel / urgent care / X-Ray, Ms. Wright has been subjected to harassment that has included ongoing incidents of detainees exposing themselves and/or masturbating in her presence.

284. Plaintiff Teresa Xiong has been employed as a Pharmacy Technician in the CCDOC for approximately 18 years. While working in Division 8 in the Infirmary Psych Unit in 2021, Ms. Xiong was subjected to a detainee exposing his penis and masturbating while looking at Ms. Xiong.

285. Plaintiff Jijo Yohannan has been employed by Defendant Cook County as a nurse coordinator for approximately 3 years. While working in the Division 6 dispensary throughout her employment, she has been subjected to harassment that has included repeated incidents of detainees masturbating at her.

286. Plaintiff Samaria Young has been employed as a CCSO correctional officer for approximately 1 year. The harassment Ms. Young has experienced has included a masturbation attack in Division 9.

## COUNT I – 42 U.S.C. § 1983 DENIAL OF EQUAL PROTECTION
### (All Plaintiffs against Defendants)

287.    Plaintiffs incorporate and reallege Paragraphs 1 through 286 above.

288.    At all times relevant, Defendants have acted under color of law under 42 U.S.C. § 1983.

289.    Defendants denied Plaintiffs equal protection of the laws under the 14th Amendment to the United States Constitution by tolerating widespread policies and practices, which show deliberate indifference to the widespread sexual harassment of their female employees by male detainees.

290.    Defendants have known for years that their female employees are subjected to regular attacks of a sexual nature by male detainees at Cook County Jail, which include detainees exposing themselves to, masturbating at, threatening sexual violence against, battering, and/or otherwise sexually harassing female detainees.

291.    Defendants have known for years that these attacks occur at an egregiously high frequency and that not enough is being done to protect their female employees from these attacks.

292.    With knowledge of this widespread sexual harassment of their female employees, Defendants have tolerated a culture of silence and passivity in which reports of sexual harassment are discouraged and frequently ignored and/or not legitimately investigated, and offending detainees are not appropriately disciplined and/or disciplined irregularly and allowed to continue victimizing female employees with little to no effective corrective action being taken.

293.    Defendants have acquiesced in, remained deliberately indifferent to, and tacitly approved the widespread sexual harassment of their female employees by allowing open and obvious harassment to occur on a daily basis.

294.     Defendants' failure to legitimately respond to, and tolerance of, sexual harassment is so widespread and well-settled as to constitute a *de facto* policy of sex discrimination against female employees.

295.     This *de facto* policy is and was the moving force behind detainees' harassment of Plaintiffs and the injuries Plaintiffs suffered as a result.

### COUNT II – ILLLINOIS CIVIL RIGHTS ACT 740 ILCS 23/5
### (All Plaintiffs against Defendants)

296.     Plaintiffs incorporate and reallege Paragraphs 1 through 286 above.

297.     The Illinois Civil Rights Act, 740 ILCS 23/5, provides a cause of action to any party aggrieved by a unit of State, county, or local government, which discriminates against that party on the grounds of gender or utilizes criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their gender.

298.     As set forth above, Defendants knew that female employees were subjected to severe and pervasive sexual harassment by detainees, but intentionally failed to take appropriate corrective action and instead have tolerated the harassment.

299.     As a direct and proximate result, Plaintiffs have suffered injuries.

### COUNTY IIII – INDEMNIFICATION
### (All Plaintiffs against Defendant Cook County)

300.     Plaintiffs incorporate and reallege Paragraphs 1 through 286 above.

301.     Defendant Cook County is not only directly liable for Plaintiffs' injuries, but must also indemnify CCSO against any amounts recovered by Plaintiffs in this action, including attorney fees. *See Carver v. Sheriff of La Salle County*, 324 F.3d 947 (7th Cir. 2003).

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, awarding Plaintiffs damages, attorney fees, costs, pre and post-judgment interest, injunctive relief, and such other and further relief that the Court deems just.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATE: March 6, 2023                     Respectfully Submitted,

                                        By: /s/ Marko Duric

                                        Christopher R. Smith
                                        CHRISTOPHER SMITH TRIAL GROUP, LLC
                                        53 W. Jackson, Suite 856
                                        Chicago, Illinois 60604
                                        (312) 432-0400
                                        chris@crstrialgroup.com

                                        Robert Robertson
                                        Marko Duric
                                        ROBERTSON DURIC
                                        One North LaSalle, Suite 300
                                        Chicago, IL 60602
                                        (312) 223-8600
                                        robrobertson1@sbcglobal.net
                                        marko@robertsonduric.com

                                        *Attorneys for Plaintiffs*